STONE *v.* DULUTH, SOUTH SHORE & ATLANTIC RAILWAY CO.

Railroads—Negligence—Contributory Negligence—Directed Verdict.

Where, in action by owner of automobile for damages caused by collision with locomotive at street crossing, evidence shows that driver and owner had unobstructed view of approaching train in time to stop and avoid accident had they looked, verdict in favor of defendant was properly directed on ground that driver and owner were guilty of contributory negligence as matter of law.

Error to Marquette; Bell (Frank A.), J. Submitted October 18, 1929. (Docket No. 156, Calendar No. 34,595.) Decided December 3, 1929.

Case by Christ Stone against the Duluth, South Shore & Atlantic Railway Company for damages to an automobile. From a judgment upon directed verdict for defendant, plaintiff brings error. Affirmed.

*George C. Quinnell,* for plaintiff.

*Ralph R. Eldredge,* for defendant.

McDONALD, J.   The plaintiff brought this suit to recover damages for injuries to his automobile which collided with one of the defendant's engines on the Main street crossing in the city of Ishpeming, Michigan. At the time of the accident, he and his wife were riding in the rear seat of the automobile, which was being driven by one John Peterson. They were going north on Main street, which in the area of the accident is crossed by four railroad tracks, three of which belong to the Chicago & Northwestern Railway Company and the other belongs to the defendant. Defendant's track is the most northerly. On this track the accident took place about 9 o'clock in the evening. The crossing is protected by gates, but they are not operated at night, and were up when the plaintiff passed upon the crossing from the south. As they approached the crossing, the plaintiff and his driver observed that the gates were not down, but they did not rely on that entirely. They looked in both directions before entering upon the crossing, and saw no trains. On the third track to their right stood a box car close by the sidewalk. They saw the box car. They proceeded on their way and crossed the third track before they discovered a train approaching from the east. It was then too late to stop. There was a collision, and the automobile was badly damaged. It is the plaintiff's claim

that the defendant was negligent in not having its gates down, in running its train at an excessive speed, and in failing to ring the bell or give any warning of its approach to the crossing. In defense, the defendant denied negligence on its part, and insisted the plaintiff's negligence was the sole cause of the accident.

At the conclusion of the proof, the trial court directed a verdict for the defendant on the ground that no negligence on its part had been shown, and that the plaintiff and his driver were guilty of contributory negligence as a matter of law.

We think the trial court correctly disposed of the issue. The engine, drawing a freight train, approached the crossing from the east, which was to the right of the driver of the automobile. He testified that he did not look to the right once after crossing the first track. When he reached the third track, his view to the right was obstructed to some extent by the box car, but beyond the box car, between the third track and the defendant's track, was a safety zone of 38 feet. There his view was unobstructed. There was the train, but he did not see it because he did not look. He drove ahead heedlessly until he was within 12 feet of the track, when the plaintiff called to him from the rear seat. Then, and for the first time, he saw the train. It was too late to avoid the collision. If either the driver or the plaintiff had looked after they passed the box car, while they were in a zone of safety, they would have seen the train and been able to avoid the accident. The trainmen saw them, and had it not been for their prompt action and the slow speed of the train, the result of the collision probably would have been more serious. The train was stopped within the length of the engine. The record presents a clear case of con-

tributory negligence on the part of both the driver and the owner of the car. The court made no mistake in directing a verdict for the defendant. The judgment is affirmed, with costs against the plaintiff.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.