HEINTZELMAN *v.* PENNSYLVANIA RAILROAD CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.

In reviewing denial of defendant's motion for directed verdict, in personal injury case, on ground that plaintiff was guilty of contributory negligence, Supreme Court must assume plaintiff's testimony to be true, and disregard that of defendant's witnesses as well as plaintiff's signed statement, made four days after accident, when, as he claims, he was still under influence of opiate.

2. RAILROADS—GRADE CROSSING ACCIDENT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

One may not recover for injuries suffered in accident at railroad grade crossing not required by ·law to be guarded, despite his testimony to effect that he looked but did not see oncoming train, when physical facts clearly indicate that he would undoubtedly have been apprised of its approach had he properly looked.

3. SAME—FAILURE TO SEE TRAIN—DIRECTED VERDICT.

Automobile driver, who was struck and injured by train backing across street crossing without displaying light or giving warning signal, was guilty of contributory negligence as matter of law, barring right to recover therefor, where, from his own testimony and physical facts, it clearly appears that, had he looked, he could have seen approaching train, notwithstanding his testimony that he looked and failed to see it.

Appeal from Kent; Brown (William B.), J. Submitted October 5, 1932. (Docket No. 28, Calendar No. 36,677.) Decided December 6, 1932.

Case by Robert Heintzelman against the Pennsylvania Railroad Company for personal injuries received in a railroad crossing accident. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

As to care required of driver of automobile at railroad crossing, see annotation in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

On failure to stop, look and listen at railroad crossing as negligence per se, see annotation in 1 A. L. R. 203; 41 A. L. R. 405.

On duty of driver of automobile as to stopping, looking and listening, see annotation in 46 L. R. A. (N. S.) 702.

*Linsey, Shivel & Phelps* and *Arthur Sherk,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendant.

BUTZEL, J. On August 31, 1930, Robert Heintzelman, plaintiff, was returning from a dance at Alpine, Michigan, in company with a young lady. In order to reach his farm home, he drove his old Model "T" Ford car through Grand Rapids, with whose streets he was not very familiar. Shortly after midnight he was driving in an easterly direction along the right or southerly side of Goodrich street, and had reached a point at which the street is traversed for a distance of 583 feet by a series of 27 tracks belonging to various railroads, and within a few blocks from the depot located on another street. After driving about half way across the tracks, he reached three of them belonging to the Pennsylvania Railroad Company, defendant herein. For convenience, we shall call the most easterly of these three tracks the "main" track, and the two immediately to the west the "side tracks." As he approached the crossing, he was able to see all of the tracks ahead of him with the aid of the headlights of his car. Just east of the main track, and also 200 to 300 feet to their west, two street lamps were lighted and suspended in the center of the street. From the westerly rail of the more westerly side track, and the most westerly rail of the main track, there is a distance of approximately 29 feet.

Plaintiff testified that as he approached the first of the side tracks, he noticed that there were two rows of box cars standing north of the street on each of the side tracks; and that the end of the cars nearest the street was about five feet north of the sidewalk; that he saw these cars clearly, and that they

were standing still with no engine attached to any of them; that as he came to the side tracks, he stopped his car, looked through its open windows and listened, but neither saw any cars on the main track nor heard any signals; that he thereupon proceeded in low gear at the rate of about 8 miles an hour; that, just as he reached the main track, a large black object suddenly loomed up before him; that it was the end of the rear coach of a string of passenger cars that were being backed across Goodrich street from the north at a rate of speed about one-third in excess of that at which plaintiff was driving. The front of his automobile was struck and demolished, and he sustained serious injuries, for all of which he seeks recovery. Plaintiff's companion testified that she saw the cars on the main track, but assumed that they were stationary, just as the box cars on the side tracks had been. She corroborated plaintiff's testimony that there were no lights nor warning signals given.

Defendant claimed that plaintiff was guilty of contributory negligence, even on his own testimony and theory of the case, and moved for a directed verdict both at the conclusion of plaintiff's testimony and again at the close of all the proofs. The motions were both denied, plaintiff recovered verdict and judgment, and defendant appeals.

In our discussion we must assume plaintiff's testimony to be true and disregard that of defendant's witnesses as well as plaintiff's signed statement made four days after the accident. He claims it was signed without knowledge of what it contained, and while he was still under the alleged influence of an opiate administered more than 36 hours before. The physical facts and plaintiff's own testimony indicate that plaintiff could see the two rows of box cars

clearly enough to realize that there was no loco-
motive attached to any of them. When he stopped,
just before reaching the side tracks, he was still in
a zone of safety; he was on the south side of the
street where his vision to the north was unob-
structed for a distance of about 95 feet, and as he
moved across the side tracks, his view down the
main track became correspondingly greater, so that,
as he reached the most easterly rail of the easterly
side track, his view down the main track was unob-
structed for a very great distance. He was then
still in a zone of safety, where, with the aid of his
headlights and the street lights, not to mention the
undisputed testimony that there were also two loco-
motive lights on the other tracks directed towards
the street, he could have seen the approaching train
on the main track had he looked. Since he was able
to observe the lines of box cars so distinctly as to
determine that there were no locomotives attached to
them, we are led to the conclusion that had he looked
he would have realized the danger of the oncoming
cars. The moving train approached very slowly,
and he had plenty of time to see it. The very fact
that he was in such a dangerous position at night-
time should have made him increase, not relax, his
caution. His companion saw the approaching cars,
although she assumed that they were standing still.
Plaintiff did not exercise the care that the law de-
mands of him. While the facts in the various cases
differ somewhat, we have frequently held that one
may not recover for injuries suffered in an acci-
dent at a grade crossing, not required under the
law to be guarded, despite plaintiff's testimony to
the effect that he looked, but did not see the oncom-
ing train, when the physical facts clearly indicate
that he would undoubtedly have been apprised of

its approach had he properly looked. Plaintiff was guilty of contributory negligence. The case is ruled by the recent decisions in *Brady* v. *Railway Co.*, 248 Mich. 406; *Stone* v. *Railway Co.*, 248 Mich. 538; *Ackerman* v. *Railroad Co.*, 249 Mich. 693; *Richman* v. *Railway Co.*, 254 Mich. 607; *DePotty* v. *City of Detroit*, 258 Mich. 657.

Under the circumstances, we are constrained to reverse the judgment of the trial court, with costs to defendant, and without a new trial.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.