DeHAAN v. WINTER.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—NEGLIGENCE—QUESTION FOR JURY.
   In action for malpractice in setting and treating plaintiff's broken leg, whether defendant was guilty of negligence *held*, question of fact, under conflicting evidence.

2. SAME—WEIGHT OF EVIDENCE—EXCESSIVE VERDICT.
   In said action, verdict for plaintiff *held*, not against weight of evidence or excessive.

3. WITNESSES—CREDIBILITY—CROSS-EXAMINATION—INTEREST OF WITNESS.
   For purpose of affecting credibility, witness may be cross-examined as to his interest in event of suit, including contribution to expense of it.

4. SAME—RELATION OF WITNESS TO PARTIES.
   Any relationship of witness to one or more of parties of such nature as to induce bias or prejudice, and which in fairness should be known to jury, may be brought out on cross-examination.

5. SAME—PHYSICIANS AND SURGEONS—EVIDENCE.
   Permitting cross-examination of medical witness, in malpractice case, to bring out fact that he and defendant belonged to State medical society, and that part of dues paid was used to defend malpractice actions against members, *held*, not error.

6. PHYSICIANS AND SURGEONS—WITNESSES—EVIDENCE.
   If medical witness refers to text-book as his authority, then book referred to may be used to contradict him.

7. SAME—EVIDENCE—HEARSAY.
   Hearsay testimony of written or spoken opinions of other persons, whom jury have no means of examining as to their learning, honesty, or sources of special knowledge, may not be used to discredit testimony of medical witness, who has not referred to said persons or quoted them as authority.

8. Appeal and Error—Cross-Examination—Physicians and Sur-
geons—Witnesses.

Where medical witness named no book, publication, or medical
journal as basis of his opinion, it was reversible error to
attempt to cross-examine him as to article in medical journal
and create impression that he was not in accord with eminent
medical opinion or authority, although objection to said ques-
tions was sustained.

Appeal from Allegan; Miles (Fred T.), J. Sub-
mitted January 10, 1933. (Docket No. 74, Calendar
No. 36,979.) Decided March 2, 1933.

Case by Edward DeHaan against William G.
Winter for malpractice. Verdict and judgment for
plaintiff. Defendant appeals. Reversed, and new
trial granted.

*Leo W. Hoffman, Clare E. Hoffman,* and *Paul E.
Cholette,* for plaintiff.

*Norris, McPherson, Harrington & Waer* (*Herbert
V. Barbour,* of counsel), for defendant.

Clark, J. On its former appearance here, this
case, an action to recover damages for malpractice
in setting and treating plaintiff's broken leg, was
reversed and new trial granted. See 258 Mich. 293,
where facts are stated. It has been tried again.
Plaintiff had verdict and judgment. Defendant has
appealed. There must be reversal. As new trial is
granted, we consider questions likely to arise again.

The former opinion held, in effect, an issue of fact.
for the jury and granted new trial. On this record,
not significantly different from the former record,
there is, under the rule of law of the case and .in-
dependently thereof, an issue of fact in respect of

defendant's negligence. The elements of negligence charged are:

"Failure to properly support plaintiff's leg after the cast was applied.

"Failure to use traction aside from that furnished by the cast.

"Failure to take X-ray pictures.

"Advising plaintiff to bear some weight on the leg after the cast was removed."

No evidence to make issue on the first element is urged by defendant. When plaintiff regained consciousness after taking a general anæsthetic and after open surgical operation to reduce fracture, he found a plaster of Paris cast on his leg, which cast he testified was warm. Another witness testified that the warmth indicated chemical activity—the setting process going on in the cast—the cast was still green. Defendant adduced testimony that the cast was then sufficiently hard. A pillow was placed under the foot or heel, but, as plaintiff testified, there was no support under the leg. Plaintiff urges this to be malpractice and a probable cause of the bowed and imperfect condition of the leg. The conflicting testimony made an issue of fact as the trial judge correctly held. The remaining elements of negligence were clearly made issues for the jury by the positive and conflicting evidence, chiefly medical testimony, adduced by both sides and nothing will be gained by review thereof.

On this record, the verdict is not against the great weight of the evidence, nor is it excessive.

On cross-examination of one of defendant's expert medical witnesses, both he and defendant being members of the State medical society, the following was permitted over objection:

"*Q*.   You belong to the State medical society?
"*A*.   Yes.
"*Q*.   What are the dues per year, doctor? * * *
"*A*.   I think $15; I am not sure. * * *
"*Q*.   I will ask you this doctor: Is it not true that a certain proportion of your annual dues to the medical association go into the defense fund for cases, for the defense of cases like this?
"*A*.   If I am not mistaken, I cannot be positive about it, I think a small portion of the dues go to the defense of malpractice suits for members.
"*Q*.   And you contribute to that fund?
"*A*.   Yes, that way; myself, I have no personal interest in that fund.
"*Q*.   No, I mean it is part of your dues.
"*A*.   Simply part of my dues."

For the purpose of affecting credibility of the witness, he may be cross-examined as to his interest in the event of suit, including contribution to the expense of it.

"Any relationship to one or more of the parties to the action of such a nature as to induce bias or prejudice, and which it may be said in fairness should be known to the jury, may be brought out,"—quoting from 5 Jones, Commentaries on Evidence (2d Ed.), p. 4617, citing *Totten* v. *Burhans,* 103 Mich. 6.

Some illustrative cases permitting cross-examination are: *State* v. *Cerar,* 60 Utah, 208 (207 Pac. 597), and *Patterson* v. *Commonwealth,* 139 Va. 589 (123 S. E. 657), a contribution to expense of suit; *People* v. *Jo Fong,* 59 Cal. App. 259 (210 Pac. 548), connection with the same Chinese tong; *Styles* v. *Village of Decatur,* 131 Mich. 443, interest as a taxpayer; *Shoemaker* v. *Bryant L. & S. Co.,* 27 Wash. 637 (68 Pac. 380), interest as stockholder.

Permitting the cross-examination was not error.

Cases involving the injecting of collateral matter designed to "advise the jury that the real defendant was an insurance company" (*Holman* v. *Cole,* 242 Mich. 402), are not in point.

A question arises upon cross-examination of one of defendant's expert medical witnesses. The rule as stated in the former opinion is (258 Mich. 299):

"If a medical witness refers to a text-book as his authority, then the book referred to may be used to contradict him. *Marshall* v. *Brown,* 50 Mich. 148; *People* v. *Millard,* 53 Mich. 63; *Hall* v. *Murdock,* 114 Mich. 233; *Foley* v. *Railway Co.,* 157 Mich. 67; *Sykes* v. *Village of Portland,* 193 Mich. 86; *People* v. *McKernan,* 236 Mich. 226."

And syllabus of *Sykes* v. *Village of Portland, supra:*

"The trial court committed reversible error, on cross-examination of one of the medical experts of defendant, in permitting counsel, on interrogating the witness, to show what certain medical authorities claimed and that the question was differently answered by others, as the testimony tended to interject the opinions of persons who were not witnesses in opposition to the opinions of some of the witnesses of defendants, who were charged with negligently maintaining light wires."

It is apparent counsel for plaintiff understood the rule. That the medical witness understood it fully is equally apparent. In lengthy and skilful cross-examination, counsel for plaintiff sought repeatedly to have the witness name some book, publication, or medical journal as entering into or forming a basis of his opinion, but the witness did not do it. Thus baffled, counsel for plaintiff asked questions, part of which we quote:

"*Q.* And isn't it true that in the Medical Journal of Michigan, 1931, he (Tibbals) contributed an article in which he stated that X-rays were required both before and after the treatment of fractures? * * *

"*Q.* And isn't it true that at those meetings and by their publications through its authorized officers, the State society has said that X-rays should be used both before and after the reduction of a fracture? * * *

"*Q.* Now Frederick Cotton acted, did he not, on a committee on fractures for the American College of Surgeons?

"*A.* I think so.

"*Q.* Made a report to that society, of which you are a member, didn't he?

"*A.* Yes, I think so.

"*Q.* And didn't he in that report recommend that plates be used in open work treatment of fractures of the leg below the knee?"

Objections were sustained properly. The reason for the ruling is that the attempt is to discredit the testimony of the witness by "hearsay testimony of the written or spoken opinions of other persons, whom the jury have no means of examining as to their learning, their honesty, or their sources of special knowledge" (*People* v. *Millard, supra,* 75), which attempt can be justified on neither principle nor difficulty of cross-examination. Although objections were sustained, the effect of the cross-examination is an impression that the opinion of the witness is not in accord with eminent medical opinion or authority, and the jury, we think, must have been so impressed. Indeed that was the aim of the cross-examination. This is reversible error.

Reversed, with costs. New trial granted.

McDonald, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.