DeHaan *v.* WINTER.

1. Physicians and Surgeons—Malpractice—Weight of Evidence.
   In action for malpractice in setting and treating plaintiff's broken leg, verdict for plaintiff *held*, not against great weight of evidence.

2. Witnesses—Credibility for Jury.
   It is function of jury, and not of Supreme Court, to pass upon credibility of witnesses, both expert and lay.

3. Damages—Excessive Verdict—Malpractice.
   Verdict of $10,000 for malpractice in setting and treating broken leg, *held*, not excessive, where leg is permanently shortened and bowed, and damages claimed, both past and present, were for pain, humiliation, inconvenience, and loss of earning capacity.

4. Appeal and Error—Excessive Verdict—Setting Aside Verdict.
   Where, in action for malpractice, trial was not characterized by appeal to sympathy or prejudice, and record presents no legal basis for setting aside jury's verdict, which is not excessive, Supreme Court should not set it aside and substitute therefor lesser sum.

5. Witnesses—Credibility—Interest of Witness—Cross-Examination.
   Inquiry, on cross-examination of medical witness in action for malpractice, as to whether he contributed to fund which goes to defend malpractice cases, was competent as bearing on his interest and credibility.

6. Same.
   Interest of witness is shown by his own understanding of facts, and not by facts themselves.

7. Same—Physicians and Surgeons—Malpractice.
   Where, in action for malpractice, medical witness had testified, on cross-examination, that State medical society, of which he was member, used part of dues received to defend malpractice

cases, and on re-direct examination had testified that not all such cases were defended, he should have been permitted to state, in answer to question, his understanding of what cases were so defended.

8. APPEAL AND ERROR—WITNESSES—HARMLESS ERROR.

Where, in action for malpractice, it was brought out on cross-examination of medical witness that State medical society, of which he was member, defended certain doctors in such actions, error in not permitting witness, on re-direct examination, to state which doctors said society defends, *held*, not prejudicial, under circumstances, attitude of said society in defense of its members being quite fully set out in testimony.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 17, 1933. (Docket No. 120, Calendar No. 37,448.) Decided December 5. 1933. Rehearing denied January 30, 1934.

Case by Edward DeHaan against William G. Winter for malpractice. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Leo W. Hoffman, Clare E. Hoffman,* and *Paul E. Cholette,* for plaintiff.

*Douglas, Barbour, Desenberg & Purdy (Leon W. Harrington,* of counsel), for defendant.

FEAD, J. This is review of the third trial of a malpractice case. The testimony was substantially identical with that developed on the former trials, reported in 258 Mich. 293, and 262 Mich. 192.

In the latter it was held that the verdict was not against the great weight of the evidence. The ruling is equally applicable here. It is the function of the jury, not of this court, to pass upon the credibility of witnesses, both expert and lay.

Both counsel wandered a little in the arguments to the jury. But as honors were apparently even,

and the court directed the jury to disregard the departures, we find no reversible error in this respect.

Plaintiff had verdict for $10,000. A former verdict for $6,500 was held not excessive in 262 Mich. 192. Plaintiff was 25 years old when injured, some five years before the last trial. His leg is permanently shortened and bowed, and he claimed damages, both past and future, for pain, humiliation, inconvenience, and loss of earning capacity. The trial was not characterized by appeal to sympathy or prejudice, and the record presents no legal basis for our setting aside the judgment of the jury and substituting a lesser sum for that found by it.

The other point presented is with reference to the examination of Dr. Warnshuis, secretary of the State medical society, called by defendant as a medical expert witness. On cross-examination he testified:

"*Q.* Every year you contribute to a fund which goes to defend cases like this, and you contribute to the defense of these cases, don't you?

"*A.* You mean personally? I pay dues, and those dues are a lump sum. Now, what is done with those dues I have nothing to say about.

"*Q.* Don't you know that a part goes to the defense of cases like these?

"*A.* Yes, I am secretary of the association."

On re-direct examination:

"*Q.* Doctor, Mr. Hoffman asked you about your connection with the State medical society, whether or not part of your dues did not go to a fund to defend doctors who are sued for malpractice, did he not?

"*A.* Yes.

"*Q.* Doctor, who decides in the State medical society what doctors you will defend?

"*A.* The medical-legal committee.

"*Q.* There is a medical-legal committee, isn't there?

"*A.* Yes, sir.

"*Q.* And do they defend all doctors?

"*A.* They do not.

"*Q.* What ones do they defend?

"*Mr. Hoffman:* Wait a moment, we object to this unless they let us go into the other end of it.

"*Mr. Barbour:* What is that?

"*Mr. Hoffman:* We say it is incompetent to say what ones you do defend and who decides it.

"*The Court:* I think now you are attempting to substitute the judgment of the medical-legal committee for that of the jury. Objection sustained to it.

"*Mr. Barbour:* I only went into it, if the court please, because of the Supreme Court decision that that is a proper question that Mr. Hoffman asked. Of course, I made no objection when he went into it, but it does seem to me that when Mr. Hoffman went into this that we should go into it fully. I have never done it before in any case.

"*Mr. Hoffman:* We are perfectly willing you do if you let us show what the medical-legal committee does—

"*The Court:* We shall sustain the objection."

And later:

"*Q.* Doctor, one question. In speaking of this defense fund, whether or not that goes to the paying of judgments against doctors, or just the attorney fees for just trying the cases?

"*A.* It does not. It does not go to pay any judgment. It just pays the legal counsel which we employ."

The original inquiry was competent as bearing upon the interest of the witness and his credibility. *DeHaan* v. *Winter,* 262 Mich. 192.

The witness' understanding, whether true or false, of the practice of the society in defending cases was relevant to the claim of his interest and should have been received, however incompetent it otherwise would have been. Nor would the plaintiff be entitled thereby to put the society or committee on trial. The interest of a witness is shown by his own understanding of the facts, not by the facts themselves. And, of course, the court has discretionary power to keep the trial to the issues.

However, the record does not demonstrate that the adverse ruling was prejudicial to defendant. No offer of proof was made, but the court assumed and counsel, upon the argument in this court, stated that the witness would have testified that the society defends only those cases which the medical-legal committee finds to be without merit. Obviously such an answer could not affect the interest of the witness (if his membership in the society created an interest and affected his credibility), otherwise than adversely to defendant, because a witness, who knew of the practice of selecting cases for defense, would be under the added pressure of supporting another member against an accusation which the committee had found to be unjust. Moreover, the original inquiry was rather casual and the imputations of bias from the payment of dues were not serious. The arguments are not reported, and we do not know whether the matter of interest from membership was stressed to the jury. The attitude of the society toward the defense of its members was quite fully set out in the testimony, and from the record it does not appear credible that refusal to permit

the witness to state which doctors the society defends could have had any effect, adverse to defendant, on the jury's opinion of the witness or on the verdict.

Judgment affirmed, with costs.

Weadock, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred. McDonald, C. J., did not sit.