PATTERSON v. THATCHER.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

On appeal from denial of defendant's motions for directed verdict at close of plaintiff's proofs and of case and for judgment notwithstanding verdict evidence must be viewed in light most favorable to plaintiff.

---

* See 12 USCA, § 24.—REPORTER.

2. AUTOMOBILES—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

  In action arising from collision between automobiles traveling in opposite directions denial of motions for directed verdict at close of plaintiff's proofs and at close of case and for judgment notwithstanding verdict *held*, not error.

3. APPEAL AND ERROR—MOTION FOR NEW TRIAL—EVIDENCE.

  On review of denial of motion for new trial Supreme Court reviews record to determine whether verdict is so contrary to the great weight of the evidence as to disclose an unwarranted finding or jury apparently disregarded its duty of giving due consideration to evidence as a whole.

4. SAME—MOTION FOR NEW TRIAL—WITNESSES.

  On review of denial of motion for new trial Supreme Court does not engage in a numerical array of witnesses but confines itself to a comprehensive review of all of the evidence, having in mind the burden of proof and, according due allowance to jury's advantage in facing the witnesses, determines from the record whether or not verdict is so plainly a miscarriage of justice as to call for a new trial.

5. AUTOMOBILES—VERDICT AGAINST GREAT WEIGHT OF EVIDENCE.

  In action by wife of driver of car which collided with defendant's car claimed to have been driven on wrong side of road, verdict for plaintiff *held*, against great weight of evidence.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 11, 1935. (Docket No. 73, Calendar No. 38,594.) Decided December 10, 1935.

Case by Mary Patterson against T. Thomas Thatcher for personal injuries sustained in a collision between automobiles. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Alexis J. Rogoski,* for plaintiff.

*William J. Balgooyen* and *Kelley, Sessions, Warner & Eger,* for defendant.

WIEST, J.   The evening of St. Patrick's Day, 1933, while plaintiff was riding in an automobile, driven by her husband in a southerly direction upon a gravel road, and defendant was driving an automobile in a northerly direction upon the same road, the automobiles collided, plaintiff was seriously injured, brought this suit and had verdict and judgment for $2,000.   The issue in the case was one of fact as to which automobile was out of its proper path.   Defendant prosecutes review, claiming error in refusing to direct a verdict at the close of plaintiff's proofs, at the close of all the proofs, in denying judgment *non obstante veredicto* and refusing to grant a new trial on the ground that the verdict was contrary to the great weight of the evidence.

Plaintiff's husband gave no testimony relative to the accident, claiming amnesia, both anterograde and retrograde and, therefore, no memory of the happening.   This was unfortunate for he was the driver of the car in which plaintiff was riding, and which defendant claimed was on the wrong side of the road, and his loss of memory brought plaintiff's uncorroborated testimony into direct conflict with defendant's testimony and that of two others riding in his car and disinterested persons who saw the wheel and skid marks on the roadbed immediately after the collision.

Before another trial the morbid condition of plaintiff's husband may improve, memory of the accident appear and his testimony become available, for the medical testimony offered by plaintiff was to the effect that return of memory, to some extent, might be expected in the course of two or three years, and more than two years have now elapsed since the accident.

Viewing the evidence in the light most favorable to plaintiff, as we must upon defendant's motions for

a directed verdict and judgment notwithstanding the verdict, the court was not in error in denying such motions.

This brings us to the question of whether a new trial should have been granted.

The jury weighs the evidence, it is true, but upon review, under the allegation that the verdict rendered is against the weight of the evidence, we examine the record and determine whether the verdict is so contrary to the great weight of the evidence as to disclose an unwarranted finding. We may disagree with the finding but such alone is not the test for our finding must be an apparent disregard by the jury of due consideration of the evidence as a whole.

We do not engage in a numerical array of witnesses, although, as said in *Brown* v. *Railroad Co.*, 183 Mich. 574, 585:

"While the mere number of witnesses contradicting plaintiff's testimony is not conclusive, yet it is a fact which should not be lost sight of."

We confine ourselves to a comprehensive review of all of the evidence, having in mind the burden of proof and according due allowance to the advantage had by the jury in facing the witnesses, and from the record determine whether or not the verdict is so plainly a miscarriage of justice as to call for a new trial. See, *In re McIntyre's Estate*, 160 Mich. 117; *People* v. *Spencer*, 199 Mich. 395, 400. Evidence sufficient to take the case to the jury is not the test. *Crippen* v. *Chatterton*, 228 Mich. 532. It is only in such a case that the review mentioned is to be had.

Plaintiff's claim that defendant drove his car on the wrong side of the road and into collision with the car her husband was driving was uncorroborated, and refuted by defendant, his two companions in his car, by testimony of disinterested witnesses, location

of wheel and skid marks upon the gravel roadbed and by testimony of her statements at the scene and time of the accident.

The evidence has been carefully examined, and we are brought to the conclusion that the verdict is against the great weight of the evidence and for that reason there should be a new trial.

The judgment is reversed and a new trial granted, with costs to defendant.

POTTER, C. J., and NORTH, FEAD, BUTZEL, BUSH-NELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.