FITZCHARLES *v.* MAYER.

1. TRIAL—MOTION FOR DIRECTED VERDICT AT CLOSE OF PLAINTIFF'S PROOFS.

In action by plaintiff motorist for injuries sustained when defendant motorist, driving at an unlawful speed, crashed into plaintiff's car in an endeavor to avoid hitting appellants' taxi-cab which had made a U-turn ahead of the speeder, if motion for directed verdict for appellants, made at the close of plaintiff's testimony on ground of plaintiff's contributory negligence in driving with four persons in front seat, failing to turn to the right when collision was imminent, there was no proof of appellants' negligence and accident occurred by reason of concurrent negligence of plaintiff and defendant speeder, was good, it should have been granted (3 Comp. Laws 1929, § 14307).

2. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On review of denial of defendants' motions for a directed verdict as to each of them in automobile accident case, made at conclusion of all the testimony, Supreme Court must take the testimony in its aspect most favorable to plaintiff.

3. SAME—DIRECTED VERDICT—NEW TRIAL—EVIDENCE.

On appeal from denial of motions for directed verdict for defendants at close of plaintiff's testimony and at close of all proofs and for judgment notwithstanding verdict and for new trial, evidence must be considered in light most favorable to plaintiff.

4. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

In action by plaintiff motorist against driver and owners of taxi-cab and a third motorist who had been speeding, whether or not plaintiff was guilty of contributory negligence *held*, question of fact for the jury under evidence showing, although he was on proper side of street, there were four passengers in the front seat and he had but one hand on the steering wheel and failed to turn to the right but no evidence that either phase of such conduct contributed to his injury.

5. SAME—NEGLIGENCE—QUESTION FOR JURY—U-TURN IN FRONT OF SPEEDING CAR.

Whether or not taxicab driver was guilty of negligence in taking chance of making a U-turn in front of car he saw approaching at 60 miles an hour *held*, question for jury in action against taxicab driver and its owners and speeder by plaintiff motorist who was hit by speeder in his effort to avoid hitting taxicab.

6. NEW TRIAL—AUTOMOBILES.

In motorist's action against driver and owners of taxicab which made a U-turn in front of defendant motorist who was driving at an unlawful rate of speed and swerved into plaintiff's car to avoid hitting taxicab, denial of new trial *held*, not error.

7. AUTOMOBILES—TAXICABS—U-TURNS—NEGLIGENCE—ANTICIPATED CONSEQUENCES.

Driver and owner of taxicab which made a U-turn in front of speeding motorist could not be held liable in action by plaintiff whose car was hit by speeder in an effort to avoid hitting taxicab unless latter's driver ought reasonably to have foreseen a probability of accident as a result of making the U-turn, although it is not necessary that the collision between plaintiff's car and the speeder be the usual, necessary and inevitable result of the taxicab driver's action.

8. NEGLIGENCE—PROXIMATE CAUSE.

There may be two proximate causes of an accident.

9. AUTOMOBILES — JOINT LIABILITY OF DEFENDANTS TO INJURED PLAINTIFF.

In plaintiff motorist's action against drivers and owner of taxicab which made U-turn in front of defendant motorist who was driving at an unlawful speed, jury's finding of joint liability on part of all defendants *held*, not error.

10. SAME—PRESUMPTION OF OBEDIENCE TO LAW BY OTHER MOTORISTS.

Generally one motorist may rely on fact that other motorists will not drive in violation of law.

11. SAME—TAXICABS—U-TURNS—NEGLIGENCE.

Taxicab driver, who saw motorist approaching at rate of 60 miles an hour, had right to assume latter would not drive his car in violation of law until, in the exercise of ordinary care, he either discovered, or should have discovered, that such was not the fact before attempting to make a U-turn in front of such oncoming motorist.

12. Trial—Charge of Court.

In accident case arising from collision of plaintiff's car with that of one defendant in which liability was sought to be imposed also upon driver and owners of taxicab which had made a U-turn in front of defendant motorist's car but had not touched either car, charge of court which covered all phases of closely tried case, in which many questions were raised by counsel, *held,* not error as being too long and confusing to jury when considered as a whole.

13. Damages—Pain and Suffering—Loss of Occupation.

Verdict of $5,583.33 to 26-year old man who suffered fractured kneecap, who had been in good health, had had steady employment doing heavy manual labor at $20 a week, was hospitalized for 5 days, whose leg was in a cast for 39 days and was still quite stiff at time of trial and might be permanently so, who is unable to follow his previous occupation and has suffered pain, loss of sleep and embarrassment due to lameness *held,* not so excessive as to shock the judicial conscience.

Appeal from Berrien; Evans (Fremont), J. Submitted January 19, 1938. (Docket No. 125, Calendar No. 39,851.) Decided April 4, 1938.

Case by Charles Fitzcharles against John Mayer, George Roberts, Robert Adcock and William Harper for personal injuries sustained in an automobile collision. Verdict and judgment for plaintiff. Defendants Mayer, Roberts and Adcock appeal. Affirmed.

*White & White,* for plaintiff.

*Burns & Hadsell,* for defendants Mayer, Roberts and Adcock.

Potter, J. Plaintiff sued defendants to recover damages for injuries sustained in an automobile collision. From judgment for plaintiff, defendants Adcock, Mayer and Roberts appeal.

Adcock was the driver of a taxicab owned and operated by Mayer and Roberts, copartners. At the

time of the accident he was driving one of their taxi-cabs on company business. Plaintiff was driving a Ford coupe and defendant Harper an Oldsmobile. The collision resulting in plaintiff's injuries occurred December 31, 1936, on the paved highway between St. Joseph and Benton Harbor. In plaintiff's car with him were his wife and two sons. He was driving westerly between the north street car tracks and the northerly edge of the pavement and could see approximately 1,000 feet ahead. Defendant Harper was driving easterly at from 50 to 60 miles an hour in violation of law. The taxicab had been driven from Benton Harbor with a passenger to the St. Joseph Fisheries on the north side of the road 165 feet west of the river bridge. It stopped at the Fisheries' office which the passenger visited, and after the passenger re-entered the taxicab Adcock started the cab. There was testimony plaintiff saw the taxicab and saw Harper's car coming at a high rate of speed. The taxicab made a U-turn ahead of Harper's car which the testimony indicates was going about 60 miles an hour and Harper, in trying to avoid hitting the taxicab, swerved his car to the left and hit plaintiff's car head on causing plaintiff's injuries.

Plaintiff claims the accident was caused by the concurring negligence of Harper and Adcock. Appellants claim Harper's negligence was the sole cause of the accident and that plaintiff was negligent in not observing defendant Harper and turning to the right to avoid the collision.

At the close of plaintiff's case, appellants made a motion for directed verdict on the ground plaintiff was guilty of contributory negligence in driving with four persons in the seat, failing to turn to the right when a collision was imminent, and because there

was no proof of appellants' negligence and the accident occurred by reason of the concurring negligence of Harper and plaintiff and it could not be reasonably anticipated a collision would result from Adcock's action. Defendant Harper moved for a directed verdict on the ground the proof showed he was driving carefully and Adcock's U-turn created a sudden dangerous emergency requiring immediate action and that in seeking to avoid collision with the taxicab his car collided with that of plaintiff; that plaintiff was guilty of contributory negligence in not turning to the right, in driving with four in the seat, and with but one hand on the steering wheel. The court reserved decision under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.* [Stat. Ann. § 27.1461 *et seq.*]), defendants put in their testimony, the motions were renewed at the close of all the testimony, and the case submitted to the jury resulting in a verdict for plaintiff. There was motion for judgment notwithstanding the verdict, which was overruled, and judgment entered.

If appellants' motion, made at the conclusion of plaintiff's testimony, was good, it should have been granted. 3 Comp. Laws 1929, § 14307 (Stat. Ann. § 27.1036); *Johnston* v. *Cornelius,* 193 Mich. 115. A motion by defendants was made at the conclusion of all the testimony for a directed verdict, and in considering the case we must take the testimony in its aspect most favorable to plaintiff. *Heintzelman* v. *Railroad Co.,* 260 Mich. 688. The same rule applies in the consideration of the case on appeal. *Patterson* v. *Thatcher,* 273 Mich. 597; *Berke* v. *Murphy,* 280 Mich. 633.

Plaintiff was where he had a right to be and it was a question of fact whether he was guilty of contributory negligence. *Lawrence* v. *Bartling & Dull Co.,*

255 Mich. 580; *Patterson* v. *Wagner*, 204 Mich. 593. It is not shown the number of passengers in the front seat, or the fact that at the time of the impact plaintiff had but one hand on the wheel, contributed to the injury. Whether such action upon the part of plaintiff did so or not was a question of fact for the jury. It could not be said as a matter of law plaintiff had sufficient opportunity to turn to the right and avoid the collision. There was no proof plaintiff's having four persons in the seat had any causal connection with the collision. *Syneszewski* v. *Schmidt*, 153 Mich. 438.

There was proof Adcock saw Harper's car coming toward him at 60 miles an hour but took a chance on making the U-turn in front of him. The question, whether he should have taken that chance, was for the jury. *Conely* v. *McDonald*, 40 Mich. 150; *Mynning* v. *Railroad Co.*, 64 Mich. 93 (8 Am. St. Rep. 804) ; *Chamberlain* v. *Detroit Stove Works*, 103 Mich. 124; *Yacobian* v. *Vartanian*, 221 Mich. 25; *Burt* v. *Railway Co.*, 262 Mich. 204.

We cannot say the court erred in denying a new trial. *Patterson* v. *Thatcher*, *supra*.

To hold appellants, there must have been testimony indicating Adcock ought reasonably to have foreseen a probability of accident as a result of making the U-turn in front of the speeding Harper. *Charlebois* v. *Railroad Co.*, 91 Mich. 59; *Clumfoot* v. *St. Clair Tunnel Co.*, 221 Mich. 113.

It is not necessary the collision with plaintiff's automobile be the usual, necessary and inevitable result of Adcock's action. 45 C. J. pp. 911, 913, 914. We discover no error in the refusal of the trial court to give defendants' request to charge, nor in the trial court's charge in this respect.

There may be two proximate causes of an accident. *Welch* v. *Jackson & Battle Creek Traction Co.*, 154 Mich. 399; *Baker* v. *Railroad Co.*, 169 Mich. 609; *Banzhof* v. *Roche*, 228 Mich. 36; *Moffit* v. *Endtz*, 232 Mich. 2; *Camp* v. *Wilson*, 258 Mich. 38.

The jury, under the facts, found defendants jointly liable. Under the rule established by the cases above cited, we cannot say there was error as a matter of law in its so doing.

"If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury." *Tozer* v. *Railroad Co.*, 195 Mich. 662.

It is claimed Adcock had a right to rely on Harper not driving in violation of law. This is the general rule. But Adcock testified he saw Harper coming at 60 miles an hour before he attempted to make the U-turn. He had a right to assume that Harper would drive legally until, in the exercise of ordinary care, he either discovered, or should have discovered, that such was not the fact. *Corey* v. *Hartel*, 216 Mich. 675; *Tregonning* v. *Castantini*, 243 Mich. 233; *Lawrence* v. *Bartling & Dull Co.*, *supra*.

The charge of the trial court, it is claimed, was too long and confused the jury. The case was closely tried, many questions were raised by counsel, it was sought to hold liable appellants whose taxicab did not touch either of the colliding cars, all phases of the case were covered by requests to charge and by the charge of the trial court in which, considered as a whole, we find no error. *Kimball & Austin Manfg. Co.* v. *Vroman*, 35 Mich. 309 (24 Am. Rep. 558);

*Brown* v. *McCord & Bradfield Furniture Co.,* 65 Mich. 360.

It is claimed the verdict of $5,583.33 was excessive. Plaintiff suffered a fractured kneecap, was 26 years old, in good health, and had had steady employment doing heavy manual labor at $20 a week. He was in the hospital for five days, open surgery was resorted to to reduce the fracture, his leg was in a cast for 39 days after which an open cast and crutches were used for a number of weeks, various methods have been tried to eliminate stiffness in the knee joint but so far without much success. Plaintiff testified to his physical pain and suffering, loss of sleep, and his embarrassment due to lameness. There was testimony the leg might be permanently stiff, that another operation was advisable though it might not be successful, that in a few months the leg might be sufficiently limbered and loosened so it would bend almost as well as ever. He can bend his leg about 10 per cent. of the natural amount at the present time. Plaintiff is unable to follow his previous occupation. The verdict was not so excessive as to shock the judicial conscience. *Stetson* v. *Mackinac Transportation Co.,* 182 Mich. 355; *Roach* v. *Petrequin,* 234 Mich. 551; *Cawood* v. *Earle Paige & Co.,* 239 Mich. 485; *DeHaan* v. *Winter,* 265 Mich. 101; *Watrous* v. *Conor,* 266 Mich. 397; *Izzo* v. *Weiss,* 270 Mich. 372.

We find no reversible error.

Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.