JONES *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. RAILROADS—NEGLIGENCE—FAILURE TO WARN OF APPROACH OF TRAIN—QUESTION FOR JURY.

   Question of defendant railroad company's negligence was properly submitted to jury in case arising out of collision at a highway crossing where evidence shows train approached at a high rate of speed, failed to blow whistle until close to crossing, engine bell was not heard, flasher-light signals at crossing were not working and warning bell at crossing was not ringing.

2. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

   On review of denial of defendant's motions for directed verdict and for judgment notwithstanding verdict, the testimony must be viewed in the light most favorable to plaintiff.

3. RAILROADS—AUTOMOBILES—SUDDEN EMERGENCY—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Question of contributory negligence of motorist was one for jury where he slowed down to about 20 miles an hour in crossing a 5-track railroad crossing at which no signal was given to warn of train approaching on second track at high rate of speed from left of motorist whose view in such direction was obstructed by buildings near the tracks so that he would have less than two seconds in which to stop after arriving where a clear view was obtainable, as time must be allowed a driver to appreciate danger and react as to how to avoid it when a sudden emergency arises.

4. SAME—AUTOMOBILES—FAILURE OF SIGNAL SYSTEM.

   While the failure of a railroad crossing signal system would not excuse a motorist from exercising due care for his own safety, he would have a right to rely thereon to some extent in concluding he was not in danger of being struck by an approaching train.

5. NEGLIGENCE—STANDARD OF CARE.

   Each case involving negligence must be decided by the test as to what an ordinarily prudent man would do.

---

Emergency not created by plaintiff's antecedent negligence as a factor in determining whether he is free from contributory negligence, see 2 Restatement, Torts, § 470; emergency as a factor in determining negligence generally, see § 296.

Standard of care, see 2 Restatement, Torts, § 283.

6. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion.

7. SAME—INFERENCES—QUESTION FOR JURY.

Even if there were no conflict in the testimony, if different inferences might reasonably be drawn as to its import, the question as to whether there was negligence would still be for the jury.

8. RAILROADS—AUTOMOBILES—SPEED—CONTRIBUTORY NEGLIGENCE PER SE—STATUTES.

Driving a car at speed of about 20 miles an hour in an industrial or business district across railroad tracks whose flasher signals did not warn of approach of train from left of motorist whose view in such direction was obstructed was not negligence *per se* in view of statute then in effect permitting speed of 25 miles per hour (1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 15, 1942. (Docket No. 95, Calendar No. 41,934.) Decided October 5, 1942. Rehearing denied November 25, 1942.

Case by Sarah Loretta Jones, administratrix of the estate of John Carl Jones, also known as Carl Jones, deceased, against Grand Trunk Western Railroad Company, a Michigan corporation, for damages for fatal injuries sustained in a collision between defendant's train and decedent's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Alvin D. Hersch* and *Paul B. Barak,* for plaintiff.

*H. V. Spike* and *William W. MacPherson,* for defendant.

BOYLES, J. This action was brought to recover damages for the death of plaintiff's husband who

was killed in a collision between an automobile driven by him and a locomotive of defendant at the intersection of McNichols (Six Mile) road and defendant's tracks, in Wayne county. On trial by jury, the questions of defendant's negligence and plaintiff's decedent's contributory negligence were submitted to the jury, resulting in a verdict and judgment for plaintiff. At the conclusion of plaintiff's case the defendant moved for a directed verdict, subsequently moved for judgment notwithstanding verdict, and both motions were denied. Defendant reviews by general appeal, claiming that the trial judge erred in submitting to the jury the questions of defendant's negligence and freedom from contributory negligence of plaintiff's decedent.

We need spend little time on the question whether defendant's negligence was an issue to be submitted to the jury. There was testimony that defendant's engineer approached a highway crossing at a high rate of speed, failed to blow the whistle until close to the crossing, that the engine bell was not heard, that the flasher-light signals at the crossing were not working, and that the warning bell at the crossing was not ringing. As to defendant's negligence, the verdict and judgment is sustained.

The question then passes to whether plaintiff's decedent was guilty of contributory negligence as a matter of law. On review of the denial of defendant's motions, the testimony must be viewed in the light most favorable to plaintiff. There was testimony that plaintiff's decedent, driving an automobile in the daytime, approached the five-track railroad crossing (including a spur track) at 25 miles per hour, that he slowed down about five miles per hour and continued to cross at that speed. His view to the southwest, from which direction the train was approaching, was obstructed by buildings and fences

on the southeast corner of the crossing fronting on McNichols road extending along the railroad right of way southwesterly some 307 feet, except for a two-foot opening, until he was beyond the buildings, 24.71 feet from the first track and 39.2 feet from the second track where the collision took place. A registered engineer and surveyor, plaintiff's witness, testified that when the deceased arrived at a point where he had clear vision down the tracks to the southwest, the train was so close that only a second and a fraction elapsed before deceased was hit; that the distance and lapse of time between the point where plaintiff's decedent had a clear view of the tracks to the southwest and the point of collision were such that he could not then have avoided the accident by any action on his part; that at 20 miles per hour, he would travel at least the distance of 39.2 feet within less than two seconds of time. Under this evidence, plaintiff's decedent cannot be held to be guilty of contributory negligence as a matter of law for mere failure to stop after he had clear vision down the tracks toward the approaching train. When sudden emergency arises, time must be allowed the driver to appreciate the danger and react as to how to avoid it.

The question then arises, was plaintiff's decedent guilty of contributory negligence as a matter of law in approaching the crossing under the circumstances in this case at 20 miles per hour, a rate of speed which prevented him from avoiding the collision when he arrived at a point where he could discover the danger? In *Spenclay* v. *Railway Co.*, 285 Mich. 421, plaintiff claimed the warning signals were not operating. The accident occurred in the nighttime by collision with an unlighted freight car as the train backed across the highway, and plaintiff stopped, looked and listened before driving onto the tracks.

In holding that contributory negligence was a question of fact for the jury, we said:

"Although the failure of the signal system would not excuse plaintiff from exercising due care for his own safety, he had a right to rely thereon to some extent in concluding that he was not in danger of being struck by an approaching train."

No two cases present exactly the same set of facts and conditions. Each must be decided by the test as to what an ordinarily prudent man would do. Plaintiff's decedent was under a duty to use such care as an ordinarily prudent man would have used under the same circumstances. Would an ordinarily prudent man, approaching the crossing where his view of a train from the left was obstructed until he reached a point 39.2 feet from the track on which the collision occurred, have slowed down to less than 20 miles per hour until he had ascertained there was no approaching train then in sight, in the absence of the usual well-recognized warnings, namely, flasher-light signals, warning bell ringing, whistle or bell warning of an approaching train? And, more to the point, is that a matter on which the minds of reasonable men might differ? Some of our decisions are relied upon by defendant as holding plaintiff's decedent guilty of contributory negligence as a matter of law, although, as stated, no two cases depend upon the same facts. In *Benaway* v. *Railway Co.*, 296 Mich. 1, plaintiff's decedent drove onto a railroad crossing where the flasher-light signal was not working but, if he had looked and listened, he must have seen a train approaching, heard the whistle blowing, the bell ringing, and have seen the headlight of the engine, in ample time to stop. He was held to have been guilty of contributory negligence as a matter of

law. Neither this case, nor any we have been able to find, presents exactly the same facts as in the case at bar.

The case of *Brady* v. *Railway Co.*, 248 Mich. 406, is distinguishable from the instant case on the facts. In that case the driver had ample opportunity to see the approaching train and to stop before placing himself in danger, but failed to see what was there to be seen. In *Lockett* v. *Railroad Co.*, 272 Mich. 219, plaintiff stopped and looked before proceeding to cross a five-track railroad crossing, proceeded in low gear, but thereafter failed to look to the right and observe a train approaching from that direction on the fourth track although the view in that direction was unobstructed for a sufficient distance to afford opportunity to stop. In the *Lockett Case, supra,* quoting with approval from *Stone* v. *Railway Co.*, 248 Mich. 538, we held that if the driver had looked after passing into the zone of clear view, and while still in a zone of safety, she would have seen the train and been able to avoid the accident. The facts distinguish these cases from the one before us, again demonstrating that the decision in each case invariably rests upon different facts and circumstances. In the case at bar, accepting the testimony most favorable to plaintiff, the driver could not have stopped in time to avoid the collision after reaching the point of clear view of the approaching train. The trial court, in the instant case, in view of the fact that the bell and flasher-lights were not working, that the train failed to give precautionary warning until practically at the crossing, that an obstruction existed up to such a point that the plaintiff's decedent, even though he did then see the train, might not be able to stop before coming onto the tracks due to time necessary for human reaction, saw fit to pre-

sent the situation to the jury for determination as a question of fact on the problem of decedent's contributory negligence. To do so was not error.

"Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion." *Reedy* v. *Goodin*, 285 Mich. 614.

"Even if there were no conflict in the testimony, if different inferences might reasonably be drawn as to its import, the question as to whether there was negligence would still be for the jury." *Woods* v. *Chalmers Motor Co.* (syllabus), 207 Mich. 556.

The conclusion written by Mr. Justice NORTH in *Rogers* v. *Railroad Co.*, 289 Mich. 397, after reviewing many cases showing the difference between factual situations, may be said to apply to the present case:

"Under the facts presented by this record it was a question for the jury as to whether in attempting to drive across defendant's tracks plaintiff exercised the care and caution that a reasonably prudent and careful man would have exercised under like circumstances."

Defendant asks for reversal on the ground that McNichols (Six Mile) road is entirely devoted to industries or business places, wherefore plaintiff's decedent was guilty of negligence as a matter of law in driving his automobile on that street at a rate of speed in excess of 15 miles per hour, contrary to the provisions of 1 Comp. Laws 1929, § 4697 (Stat. Ann. § 9.1565). That law has been changed. Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1941 Cum. Supp. § 9.1565), effective September 29, 1939, changed this maximum

from 15 to 25 miles per hour. The collision occurred March 1, 1940. Viewing the testimony in the light most favorable to plaintiff, driving at 25 miles per hour was not negligence *per se*.

Judgment affirmed, with costs to appellee.

Chandler, C. J., and North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.