SPENCLAY *v.* GRAND TRUNK WESTERN RAILWAY CO.

JOHNSTON *v.* SAME.

BURKE *v.* SAME.

1. RAILROADS—AUTOMOBILES—NEGLIGENCE—QUESTION FOR JURY.

In actions arising from injuries to four plaintiffs in an automobile which was stopped before any attempt was made to cross an 8-track railroad crossing, 210 feet before reaching place of accident on last track, as unlighted freight car of four-car switching train struck automobile as train was being backed over crossing at 7:30 p. m. early in December, testimony *held,* to present question for jury as to whether defendant was guilty of negligence.

2. SAME—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE OF MOTORIST.

Rule that one injured at a railroad crossing at grade, not required by law to be guarded, may not recover as a matter of law notwithstanding he testifies that he looked but did not see the oncoming train when the physical facts clearly indicate that he would undoubtedly have been apprised of its approach had he properly looked, does not apply to case where the testimony, construed in light most favorable to plaintiffs, shows crossing to have had warning signals which were not functioning on winter evening when accident occurred and switching train backing across 8-track crossing had no lights visible and gave no warning of its approach by light, bell or whistle, such facts presenting question of plaintiffs' contributory negligence for jury.

3. APPEAL AND ERROR—MOTIONS FOR DIRECTED VERDICT AND FOR JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

Version of accident as presented by plaintiffs' testimony is accepted for purposes of appeal from denial of defendant's motions for directed verdict and for judgment *non obstante veredicto.*

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 20, 1938. (Docket Nos. 124–127, Calendar Nos. 40,010–40,013.) Decided June 30, 1938. Rehearing denied October 3, 1938.

Separate actions of case by John Spenclay, Perry Johnston, Lee Johnston, and Francis Burke against Grand Trunk Western Railway Company for damages caused when switch engine backed a string of cars into automobile in which they were riding. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*Frederick J. Plotts* (*Ernest P. LaJoie,* of counsel), for plaintiffs.

*H. V. Spike* and *William W. Macpherson,* for defendant.

CHANDLER, J. On December 5, 1930, at 7:30 o'clock in the evening, Perry Johnston was driving his automobile south on Oak street in the village of Durand, carrying as passengers, John Spenclay, Lee Johnston and Francis Burke. The automobile was struck by defendant's switch train, resulting in injuries to the four mentioned occupants of the car. Separate suits were instituted against defendant, it being stipulated that the verdict in the action brought by John Spenclay should control in the suits of the other plaintiffs. Likewise, the cases have been consolidated on appeal to this court.

Decision on defendant's motion for a directed verdict was reserved and following verdict for plaintiff, defendant's motions for judgment *non obstante veredicto* and a new trial were denied.

At the place of accident, eight railroad tracks extend diagonally across Oak street in a northwesterly and southeasterly direction. Approaching from the north, one finds three tracks grouped together, followed by the fourth track located 33 feet south of the third or last track of the first group. The remaining four tracks are grouped together at the other end of the crossing, the most northerly track of this group being approximately 74 feet south of the fourth track. At each end of the crossing, defendant maintains warning signals, consisting of a bell and wig-wag system exhibiting a red light.

It is claimed by plaintiff that as he approached the crossing he brought his car to a complete stop before proceeding upon the first track. From this point to the last track where the accident occurred is a distance of about 210 feet. Plaintiff further claims that the warning signals were not operating and that after stopping and looking and listening, he started across the tracks and at all times thereafter continued to make observation for approaching trains but neither heard warning of one nor saw that which struck the car until the instant before the crash.

The train in question consisted of an engine and tender to which was coupled four freight cars. The engine was facing east, having crossed to the east side of Oak street preparatory to switching some of the cars to another track. It had come to rest with the west end of the last freight car immediately adjacent to the sidewalk on the east side of the street, placing the front of the engine approximately 200 feet farther to the east.

Plaintiff was struck by the unlighted freight car as the train backed to the west in the process of switching the cars. The lights on plaintiff's car were in good working order, enabling him to see to the

south to the other end of the crossing and to the east as far as the sidewalk which was shown to be 35 feet from the center of the road. The lights, however, did not illuminate in such a manner as to enable plaintiff to see south along the east sidewalk for any great distance. He testified that it was his best judgment that he could see along the sidewalk as far as the second track when he stopped the car before attempting to make the crossing.

The testimony is in conflict in many particulars, it being claimed, for example, by defendant that the warning signals were working properly. Other disputes of a similar nature raised issues of fact which were for the consideration of the jury. The testimony also presented a jury question as to whether defendant was guilty of any negligence.

Defendant, however, claims that plaintiff was guilty of contributory negligence as a matter of law in that if he had been proceeding in the exercise of due care he would have seen the train and the accident would not have happened. Among cases cited by defendant is *Heintzelman* v. *Railroad Co.*, 260 Mich. 688, in which it was held that,

"One may not recover for injuries suffered in an accident at a grade crossing, not required under the law to be guarded, despite plaintiff's testimony to the effect that he looked, but did not see the oncoming train, when the physical facts clearly indicate that he would undoubtedly have been apprised of its approach had he properly looked."

See, also, *Richman* v. *Railway Co.*, 254 Mich. 607.

However, we do not hold the rule stated in the *Heintzelman Case* to be applicable to the present situation.

If we accept plaintiff's version of the accident as true, which we must in considering this appeal, he exercised due care in approaching the crossing for he stopped, looked and listened, and having heard or seen nothing proceeded to cross. Thereafter, having an unobstructed view, he continued to look and listen but heard or saw nothing until the instant before the crash. If the case contained no other elements, there might be justification for holding plaintiff guilty of contributory negligence on the theory that he should be charged with having seen that which, although visible, he failed to see.

However, this accident occurred in the nighttime. The train backing into plaintiff's car had no lights visible to give warning of its approach, and, according to plaintiff's testimony, no bell or whistle was sounded. In addition thereto, the signal device was not functioning. Although the failure of the signal system would not excuse plaintiff from exercising due care for his own safety, he had a right to rely thereon to some extent in concluding that he was not in danger of being struck by an approaching train. We believe these facts to have presented a question for the jury as to whether or not plaintiff was to be charged with contributory negligence. *McPeake* v. *Railway Co.*, 242 Mich. 676.

The instant case is to be distinguished from *Lockett* v. *Railroad Co.*, 272 Mich. 219, cited by defendant, by reason of the fact that in the cited case the driver of the car in which plaintiff was riding made no observation for approaching trains after having started across the tracks.

Judgments affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.