GAFFKA v. GRAND TRUNK WESTERN RAILROAD CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict and judgment for defendant, evidence is taken in a light most favorable to plaintiff.

2. RAILROADS—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—STOPPING AT CROSSINGS—NIGHTTIME.
   In action against railroad company for damages for personal injuries sustained by a motorist when struck by unlighted,

Duty or care required of plaintiff, see 2 Restatement, Torts, § 475 and § 289 comment (f) and illustration 3.
   Violation by defendant of statutory duties of warning as creating civil liability, see 2 Restatement, Torts, § 286.
   Function of court and jury in determining question of contributory negligence, see 2 Restatement, Torts, § 476 and § 285 and comments.

slowly-moving forward box car in a line of freight cars being pushed by a locomotive on a single track on which plaintiff knew switching as well as train movements took place, whether or not plaintiff was guilty of contributory negligence was a question for the jury where it appears he slowed down to speed of 8 or 10 miles an hour but did not stop, winter night was very dark and cold, and while plaintiff's windshield was clear, he was unable to see more than three feet except where headlights fell upon the road, street lights were high in the air ·about 150 feet from each side of the track, automobile ascended a pronounced rise as it reached the track laid on an embankment, and although plaintiff looked and listened, failed to see or hear train approach, but it appears to be obvious that had he stopped, train would have blocked his passage and been visible to him.

3. SAME—AUTOMOBILES—STOPPING—CONTRIBUTORY    NEGLIGENCE—QUESTION FOR JURY.

   A motorist has a right to assume that railroad trains will be properly lighted and give signals at an unguarded crossing and, therefore, when it is dark and motorist looks and sees nothing and listens and hears nothing and there is neither signal, noise, nor light from an approaching train, it becomes a question for the jury as to whether or not he is guilty of contributory negligence because he did not also. stop, even though had he done so, the collision would not have occurred.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 6, 1942. (Docket No. 19, Calendar No. 41,815.) Decided April 6, 1942. Rehearing denied May 18, 1942.

Case by Joseph Gaffka against Grand Trunk Western Railroad Company, a consolidated Michigan and Indiana corporation, for damages for personal injuries sustained in a collision between an automobile and a freight train. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Foster, Yost & Lott,* for plaintiff.

*H. V. Spike* and *William W. Macpherson (Patterson & Patterson,* of counsel), for defendant.

BUTZEL, J. Inasmuch as the verdict for defendant in the instant case was directed after close of plaintiff's testimony, in our statement of facts we shall detail the evidence in a light most favorable to plaintiff. On the cold, clear and very dark evening of January 26, 1940, the plaintiff at about 8:15 p.m. was driving his car north on the Pontiac-Ann Arbor road toward the village of South Lyon, Michigan, and approaching a single track railway on which a line of box cars was being slowly pushed by a locomotive towards the crossing from the west. Plaintiff was familiar with the tracks in the neighborhood. As he came near to the crossing he reduced his speed to from 8 to 10 miles per hour. The windows and windshield of the car were clean and, to keep them clear from steam, plaintiff had lowered the window to his left a half inch and slightly opened the corresponding ventilator window. A slight noise described by plaintiff as a "siss" emanated from the heater. There was no radio in the car. It was so dark that plaintiff could not see 36 inches beyond the window panes except where his headlights fell upon the road ahead. In this connection, however, the testimony and exhibits showed that there were street lights high in the air about 150 feet from each side of the track. There were numerous signs indicating to one not familiar with the neighborhood that he was approaching a railroad track. Plaintiff, however, knew the location of the tracks and that switching as well as train movements occurred over the crossing, that cars and trains crossed and recrossed the street, and that it was dangerous. The automobile ascended a pronounced rise as it reached the track, which was laid on an embankment. The box car referred to as the forward box car at the east end of the moving train was not equipped with either light or lantern.

Plaintiff looked to the right and left and listened before entering the tracks, but neither saw nor heard anything. He did not' stop, however. He knew that it was a place where switching was done. Another car about 150 feet ahead of him crossed the track in safety. Its occupants also neither saw nor heard any train. The moment after the front wheel of plaintiff's car crossed the south rail, the forward box car loomed up out of the darkness and collided with plaintiff's car and pushed it along the tracks. The car was badly damaged and plaintiff was injured. The judge directed a verdict for defendant on the ground that, under plaintiff's own testimony, inasmuch as he could not see in either direction at the crossing because of the peculiar conditions of darkness on this night, he was required to make a stop for such observations, and, not having stopped, he was guilty of contributory negligence as a matter of law. Had plaintiff stopped his car, it seems quite obvious that the forward box car or part of the train would have blocked up the entire road and plaintiff with the head lights shining in front of his car would have stopped and avoided the accident.

The sole question for us is whether or not plaintiff was guilty of contributory negligence as a matter of law in not stopping his car before crossing the tracks or was there a jury question as to whether a prudent man under like circumstances would have stopped his car or not.

Under prior decisions of this court, it became a question for the jury to determine whether plaintiff was guilty of contributory negligence. In *Mills* v. *Waters,* 198 Mich. 637, plaintiff motorist looked, listened, and slackened his speed, but did not stop, at the railroad crossing on a dark night. An unlighted freight train was slowly backing toward the

crossing, but plaintiff, though he both looked and listened, neither heard nor saw it. The trial judge directed verdict for defendant on the ground that as a matter of law it was plaintiff's duty to stop as well as look and listen, and that, had he done so, this accident would have been avoided. On appeal, judgment was reversed, and the question of contributory negligence on such evidence held a matter for the jury to determine. The vote for reversal was four to three, one of the justices not sitting, and two very cogent opinions were filed.

In *Miller* v. *Railway Co.*, 234 Mich. 184, the facts were almost identical with those of *Mills* v. *Waters, supra,* except that in the *Mills Case* plaintiff had been, while in the *Miller Case* he was not, familiar with the crossing and cognizant of the fact that switching was done there. The trial judge denied defendant's motion for directed verdict, and we affirmed, holding that defendant's testimony that the train was unlighted and that, though he looked and listened, he could neither see nor hear it backing down the track toward him, presented a jury issue as to whether his failure to stop constituted contributory negligence. The opinion of the court in the *Miller Case* was unanimous. It referred to the *Mills Case* as controlling, and was signed by two of the Justices who had dissented in the *Mills Case.*

Likewise, in *McPeake* v. *Railway Co.*, 242 Mich. 676, under somewhat similar facts, the issue of contributory negligence was held to be a jury question.

In *Spenclay* v. *Railway Co.*, 285 Mich. 421, there was again before us a nocturnal collision caused by an unlighted freight train backing up and running into an automobile. However, in this case the driver did stop as well as look and listen when he came to the first of eight tracks, but he did not stop before any of the other seven, and was struck while

crossing the eighth track. We held that contributory negligence was a question for the jury.

From all these authorities, we conclude that a motorist has a right to assume that trains will be properly lighted and give signals at an unguarded crossing, and, therefore, when it is dark and the motorist looks and sees nothing, and listens and hears nothing, and there is neither signal, noise, nor light from the approaching trains, it becomes a question for the jury to decide whether he was guilty of contributory negligence because he did not also stop, even though had he done so, the collision would not have occurred.

The judgment of the circuit court is reversed, with costs to plaintiff, and the case remanded for a new trial in accordance with this opinion.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.