FISHER *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.

   On defendant's motion for directed verdict the evidence must be considered in a light most favorable to plaintiff.

2. AUTOMOBILES—RAILROAD CROSSINGS—CONTRIBUTORY NEGLIGENCE—SPEED—STATUTES.

   Provision of act relating to public safety at crossings of streets and highways with railroads and railways requiring a motorist to reduce speed to not more than 10 miles an hour within 100 feet of nearest rail was repealed by subsequent motor vehicle statute making law uniform as to speed of automobiles and providing rules regulating speed at variance with the earlier statute; hence where decedent motorist approached crossing at speed of 22 miles per hour he was not, on account of speed, guilty of contributory negligence as a matter of law because he was then violating a statute where applicable statute permitted speed of 35 miles an hour (Act No. 270, § 4, Pub. Acts 1921; Act No. 318, Pub. Acts 1927).

3. RAILROADS—AUTOMOBILES—UNGUARDED CROSSINGS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   A motorist has a right to assume that trains will be properly lighted and give signals at an unguarded crossing; hence when it is dark and the motorist looks and sees nothing, listens and hears nothing, and there is neither signal, noise nor light from approaching trains, it is a question for jury to decide whether he is guilty of contributory negligence because he did not also stop, even though had he done so the collision would not have occurred.

4. SAME—AUTOMOBILES—UNLIGHTED TENDER—UNGUARDED CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

   In action against railroad company by administratrix of estate of eastbound motorist who died of injuries received when he collided with unlighted tender at 5:47 a.m. early in January,

question of whether decedent could have seen the locomotive approaching unguarded crossing from northeast in time to have stopped his car was a question for jury under all the circumstances, the "assured clear distance ahead" rule being inapplicable (1 Comp. Laws 1929, § 4693, as amended; § 4697 [a], as amended by Act No. 318, Pub. Acts 1939).

Appeal from Genesee; Gadola (Paul V.), J. Submitted April 16, 1943. (Docket No. 73, Calendar No. 42,298.) Decided June 30, 1943. Rehearing denied September 7, 1943.

Case by Delphia Fisher, administratrix of the estate of John M. Fisher, deceased, against Grand Trunk Western Railroad Company, a Michigan corporation, to recover damages for death of her decedent. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Edward N. Barnard,* for plaintiff.

*H. V. Spike, William W. MacPherson* and *Brownell & Gault,* for defendant.

*John C. Shields, William R. Althans, John J. Danhof,* and *William A. Alfs, amici curiae,* on application for rehearing.

SHARPE, J. John M. Fisher was a married man living with his wife on a farm about three miles west of the city limits of the city of Flint. On the morning of January 3, 1941, he was proceeding by automobile over a four-lane, east-and-west highway to the city of Flint where he was employed. A short distance inside the city limits of Flint, a single switch track of the Grand Trunk Western Railroad Company crosses this highway in a northeast-southwest direction, making an angle of about 45 degrees with the highway. At about 5:47 on the morning in question, Fisher was approaching the

crossing from the west and traveling at a rate of speed of approximately 22 miles per hour. At the same time a coal car or tender was being backed across the highway in a southerly direction. It appears that neither the locomotive nor the tender was lighted, but there was a dim light showing from the fire box of the engine. The coal car and locomotive were traveling at the rate of 15 miles per hour. The automobile was struck by the tender and Fisher was severely injured. He died three days later.

Plaintiff, administratrix of the estate of John M. Fisher, brought action against the railroad company. At the close of plaintiff's case, defendant made a motion for a directed verdict on the theory that plaintiff's decedent was guilty of contributory negligence as a matter of law. The trial court granted the motion on the theory that when plaintiff's decedent was 100 feet away from the track, he could see an object back a distance of 27½ feet from the pavement.

Additional facts helpful to decision are that at about 289 feet west of the track there was a round disc railroad crossing sign (see 2 Comp. Laws 1929, § 11402 *et seq.,* as amended by Act No. 336, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 11402 *et seq.,* Stat. Ann. § 22.761 *et seq.*]); that decedent's car was lighted; that some distance west of the track, there was a speed limit sign indicating a maximum speed of 35 miles per hour; that a lumber company is located on the north side of the highway with its main building about 7 feet west of the railroad track; and that on the southwest corner of the above building and about 6 feet north of the road, there is a street light about 20 feet high. The light illuminates a circle on the ground about 40 feet in diameter, the south edge of the light reaching to about the middle of the pavement.

Plaintiff appeals and urges that 2 Comp. Laws 1929, § 11405 (Stat. Ann. § 22.764), was repealed by implication by the adoption of the uniform motor vehicle act (1 Comp. Laws 1929, 4693 *et seq.*, as amended [Comp. Laws Supp. 1940, § 4693 *et seq.*, Stat. Ann. and Stat. Ann. 1940 Cum. Supp. § 9.1561 *et seq.*]); and that the contributory negligence of decedent was a question of fact rather than a matter of law.

In considering the facts we have in mind the rule that on a motion by defendant for a directed verdict, the evidence must be considered in a light most favorable to plaintiff.

In our opinion Act No. 270, § 4, Pub. Acts 1921 (2 Comp. Laws 1929, § 11405 [Stat. Ann. § 22.764]) was repealed by the adoption of the uniform motor vehicle act, Act No. 318, Pub. Acts 1927 (1 Comp. Laws 1929, § 4693 *et seq.*). Section 4 of Act No. 270, Pub. Acts 1921, requires that the speed of a vehicle approaching a railroad crossing must be reduced "so that within a distance of one hundred feet from the nearest rail of such crossing, such vehicle shall be under control and shall not be proceeding at a greater speed than ten miles per hour." The title of the motor vehicle act states that its purpose is "to make uniform the law relating to the subject matter of this act." No change in this statement has been made by subsequent amendments to the act. The act provides rules regulating the speed of automobiles which are at variance with Act No. 270, § 4, Pub. Acts 1921. It follows that the driver of a vehicle in approaching a railroad crossing is not limited to a speed of 10 miles per hour, but is governed by the provisions of the motor vehicle act.

It is next urged that the contributory negligence of decedent was a question of fact rather than one of law. There is evidence that at the time of the

accident, decedent was driving at the rate of speed of 22 miles per hour, while the locomotive was moving 15 miles per hour. It appears that the lumber company building was constructed in an L shape with a shed running parallel with the railroad track and that the street light was located near the southwest corner of the building and six feet north of the pavement, but the record does not show the distance of the street light from the railroad tracks. Consequently, it is impossible to say at what distance, if any, the street light would illuminate the railroad tracks northeast of the crossing under the conditions existing at the time of the accident.

In *Gaffka* v. *Railroad Co.*, 301 Mich. 383, we announced the general rule to be applied when unlighted trains collide with motor vehicles in the nighttime. We there said:

"From all these authorities, we conclude that a motorist has a right to assume that trains will be properly lighted and give signals at an unguarded crossing, and, therefore, when it is dark and the motorist looks and sees nothing, and listens and hears nothing, and there is neither signal, noise, nor light from the approaching trains, it becomes a question for the jury to decide whether he was guilty of contributory negligence because he did not also stop, even though had he done so, the collision would not have occurred."

In the case at bar, the lights on decedent's car, if working properly, would have enabled him to see 200 feet ahead. It becomes a serious question whether he had any view of the oncoming train until it was so near that escape may have been cut off. The rule that "no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead" (1 Comp. Laws 1929, § 4697 [a], as amended by Act No. 318, Pub. Acts 1939 [Comp.

Laws Supp. 1940, § 4697 (a), Stat. Ann. 1942 Cum. Supp. § 9.1565]) has no application to this case. Whether decedent could have seen the locomotive in time to have stopped his car is a question of fact under the circumstances in this case. The trial court was in error in not presenting this question to the jury.

The judgment is reversed and a new trial granted. Costs to plaintiff.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.