GAFFKA *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. RAILROADS—AUTOMOBILES—STOPPING—CONTRIBUTORY NEGLIGENCE —QUESTION FOR JURY.

A motorist has a right to assume that railroad trains will be properly lighted and give signals at an unguarded crossing and, therefore, when it is dark and motorist looks and sees nothing and listens and hears nothing and there is neither

signal, noise, nor light from an approaching train, it becomes a question for the jury as to whether or not he is guilty of contributory negligence because he did not also stop, even though had he done so, the collision would not have occurred.

2. SAME—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF THE FACTS.

In motorist's action against railroad company for injuries suffered in a collision at a grade crossing on a dark night, contributory negligence of plaintiff *held*, a question of fact for the trier of the facts under all of the circumstances of the case.

3. SAME—NEGLIGENCE—QUESTION FOR JURY.

In motorist's action against railroad company for injuries sustained as defendant's unlighted box car in passing over a grade crossing of highway at speed of 5 to 8 miles an hour on a dark night pushed plaintiff's car along the tracks, circumstances presented question of defendant's negligence for the jury.

4. SAME—CROSSING ACCIDENT—SPEED—IMMATERIAL EVIDENCE.

In action arising out of automobile collision with train at railroad crossing, testimony of witness that pedestrian walking at rate of four miles per hour could stop immediately was properly ruled immaterial and inadmissible upon matter of motorist's ability to stop car traveling at 8 to 10 miles per hour.

5. EVIDENCE—REBUTTAL—DISCRETION OF COURT.

The admission of rebuttal evidence rests largely in the discretion of the trial judge.

6. RAILROADS—LOCOMOTIVE LIGHTS—REBUTTAL EVIDENCE.

In action arising out of collision in the nighttime between automobile and unlighted box car being pushed over grade crossing wherein engineer testified locomotive was lighted up for 7 to 8 minutes after the accident, it was not error upon part of trial court to permit another witness to testify that she did not see any lights on the locomotive immediately after the accident.

7. SAME—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS —LOWERING OF CAR WINDOWS.

In motorist's action against railroad company for injuries sustained in winter nighttime collision at grade crossing, court's instruction that jury might find plaintiff guilty of contributory negligence if it found that by failing to lower his window

so as to get a view of the track and train for a distance of 100 feet as he neared the tracks and also that an ordinary prudent person would have done so under the same circumstances was proper, a failure to lower the window not being negligence unless a prudent person would have done so.

8. SAME—WARNING SIGNS—STATUTES—REQUEST TO CHARGE.

Request to charge containing reference to statute requiring that a motorist approaching a railroad crossing marked by reflectorized disc sign must reduce speed to 10 miles an hour or less when within 100 feet of nearest rail and that motorist driving in excess of such speed was guilty of negligence *per se* was properly refused in view of fact that statute referred to has been repealed (2 Comp. Laws 1929, § 11405).

9. SAME—INSTRUCTIONS.

In motorist's action against railroad company for injuries received in crossing accident, charge was proper which, considered as a whole, was in harmony with rule announced when case was submitted to Supreme Court on previous appeal.

10. APPEAL AND ERROR—VERDICTS—GREAT WEIGHT OF EVIDENCE—RAILROAD CROSSING ACCIDENT.

Verdict for plaintiff was not against the great weight of the evidence under record presented on second appeal in motorist's action against railroad company for injuries received in crossing accident.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 11, 1943. (Docket No. 96, Calendar No. 42,420.) Decided September 7, 1943.

Case by Joseph Gaffka against Grand Trunk Western Railroad Company for personal injuries and property damage suffered as a result of a collision between his automobile and defendant's train. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Foster, Yost & Lott* (*Pelton & McGee*, of counsel), for plaintiff.

*H. V. Spike* and *William W. MacPherson* (*Patterson & Patterson*, of counsel), for defendant.

SHARPE, J.  This is an action for damages resulting from a collision of an automobile with a railroad box car being pushed across a highway. From a verdict in favor of plaintiff, defendant appeals.

The facts in this case are substantially as reported in *Gaffka* v. *Railroad Co.*, 301 Mich. 383. As plaintiff approached the crossing, he reduced his speed to 8 or 10 miles per hour. He looked to the right and left before entering the tracks, but neither saw nor heard anything. The moment after the front wheels of plaintiff's car crossed the nearest rail, the forward box car loomed up out of the darkness and collided with plaintiff's car and pushed it along the tracks.

On the former trial, the trial judge directed a verdict for defendant on the ground that, under plaintiff's own testimony, inasmuch as he could not see in either direction at the crossing because of the peculiar conditions of darkness on this night, he was required to make a stop for such observations, and, not having stopped, he was guilty of contributory negligence as a matter of law. Upon appeal, we reversed the judgment of the trial court and sent the case back for a new trial. We there said:

"From all these authorities, we conclude that a motorist has a right to assume that trains will be properly lighted and give signals at an unguarded crossing, and, therefore, when it is dark and the motorist looks and sees nothing, and listens and hears nothing, and there is neither signal, noise, nor light from the approaching trains, it becomes a question for the jury to decide whether he was guilty of contributory negligence because he did not also stop, even though had he done so, the collision would not have occurred."

The cause was again tried and resulted in a verdict and judgment for plaintiff. This case comes

to us upon substantially the same set of facts as in the former case and we again hold that the negligence of plaintiff under all of the circumstances was a question of fact to be determined by the trier of the facts.

It is next urged that there was not sufficient evidence of defendant's negligence to take the case to the jury. The facts show that the railroad track at the crossing is from 9 to 12 feet higher than the highway at the bridge and the bridge is between 300 and 400 feet south of the crossing. There is evidence that as plaintiff entered the tracks, an unlighted box car was being pushed across the highway at a rate of speed of from 5 to 8 miles per hour. The night was dark and plaintiff's car was pushed down the track a distance of approximately 200 feet. Under these circumstances, the negligence of defendant was a jury question.

It is next urged that the trial court was in error in ruling upon the admission of evidence. Defendant called Mr. Arthur Genter as a witness. He testified that a person walking at the rate of four miles per hour could stop immediately. The trial court ruled that this testimony was immaterial and ruled against its admission. There can be no question of the correctness of such a ruling. The ability of a pedestrian to walk at the rate of four miles per hour and stop immediately has no bearing upon the ability of a driver to stop an automobile traveling at 8 or 10 miles per hour.

Betty Minton, a witness produced by plaintiff, testified on rebuttal that immediately following the accident she did not see any lights on the locomotive. Such testimony was in contradiction to the testimony of the engineer who testified that the locomotive was lighted up for a period of from 7 to 8 minutes after the accident. The admission of re-

buttal evidence rests largely in the discretion of the trial judge. Under the circumstances of this case it was not error to admit such evidence.

Defendant claims error in the refusal of the trial court to give the following charge:

"If you find that plaintiff, Gaffka, by lowering his window, could have employed a view of the track and train for a distance of 100 feet, as he neared the tracks, then it was negligence for him to fail to do so and he cannot recover in this case."

However, the trial court did give the following charge:

"If you find that plaintiff Gaffka, by lowering his window, could have employed a view of the track and train for a distance of 100 feet, as he neared the tracks, and you find also that an ordinary prudent person or man would have done so under the same circumstances, then of course the plaintiff was guilty of contributory negligence."

We are not in accord with the claim of defendant. The charge given by the trial court amply covered the duty of an ordinarily prudent man under the circumstances. More than that is not required.

Defendant also alleges error in the failure of the trial court to give the following charge:

"It is undisputed that on the evening of the accident, at a point 481 feet from the crossing and on the right-hand side of the highway, there was a reflectorized railroad disc sign installed and maintained by the county road commission. The statute, 2 Comp. Laws 1929, § 11405 (Stat. Ann. § 22.764), requires a person controlling a motor vehicle on the highway, upon passing such a sign and going toward a railroad crossing, to reduce speed so that the vehicle shall not be proceeding faster than 10 miles an hour within 100 feet of the nearest rail of

the crossing. A driver of an automobile who drives upon a railroad crossing at a speed in excess of that allowed by this section is guilty of negligence *per se.* *Caswell* v. *Railroad Co.,* 263 Mich. 18. *Benaway* v. *Railway Co.,* 296 Mich. 1, 6.''

The trial court was correct in his refusal to give this charge. The provision above referred to Has been repealed. See *Fisher* v. *Railroad Co., ante,* 95.

As we have often said, we must look to the charge of the court as a whole. In doing so, we find that the charge given by the trial court is in harmony with the rule announced in *Gaffka* v. *Railroad Co.,* 301 Mich. 383.

It is urged that the verdict is against the great weight of the evidence. We have examined the record carefully and are of the opinion that the facts in this case present a typical jury question. We cannot say that the verdict was against the great weight of the evidence.

The judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred with SHARPE, J.

WIEST, J. (*concurring in result*). The law in this case was settled when it was here before, *Gaffka* v. *Railroad Co.,* 301 Mich. 383. I did not sit in that case but am obliged to concur in the result of this opinion because of the former decision therein.