ORTYNSKI *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT—EVIDENCE.
    In reviewing denial of defendant's motion for directed verdict,
    testimony in behalf of plaintiff must be taken as true.

2. RAILROADS—MULTIPLE-TRACKED GRADE CROSSINGS—CONTRIBUTORY
    NEGLIGENCE.
    In determining the question of contributory negligence of
    motorists while traversing multiple-tracked grade crossings
    with railroads, each case depends upon its own circumstances
    as no rule of law can be laid down for decision of such cases.

3. SAME—SPUR TRACKS—TRUCKS—NEGLIGENCE—CONTRIBUTORY NEG-
    LIGENCE—QUESTION FOR JURY.
    Driver of truck in which plaintiff was a passenger was not guilty
    of contributory negligence as a matter of law where it appears
    that he had stopped truck while train passed on main line,
    moved forward upon signal from watchman and crossed 3 or 4
    sets of spur tracks at 10 miles an hour, .continued at same
    speed over 50 or 75 feet of space to unguarded spur track and,
    before crossing same, driver, plaintiff, and another passenger
    looked left and right, saw no headlight, received no warning,
    and heard no bell or whistle, vision to right was obstructed by
    a high trailer located about two feet from fence around factory
    yard from which defendant's Diesel engine emerged after
    dark without warning of approach, the questions of defend-
    ant's negligence, contributory negligence of the truck driver,
    and proximate cause being for jury under such circumstances.

4. APPEAL AND ERROR—CONSOLIDATED CASES—INCONSISTENT VER-
    DICTS.
    Where two plaintiffs brought separate actions for damages
    against defendant railroad company arising out of the same
    accident, cases were consolidated for trial and jury rendered
    inconsistent verdicts by awarding plaintiff damages in case in
    which defendant appealed but found no cause of action on

part of other plaintiff, defendant may not successfully complain herein of verdict in its favor as to other plaintiff who has not appealed from adverse verdict and issues raised herein were properly submitted to jury.

CHANDLER and WIEST, JJ., dissenting.

Appeal from Wayne; Murphy (George B.), J. Submitted June 15, 1943. (Docket No. 47, Calendar No. 42,407.) Decided October 11, 1943.

Case by Nick Ortynski against the Grand Trunk Western Railroad Company for injuries sustained when automobile in which he was riding collided with a train. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Berger, Manason & Kayes,* for plaintiff.

*H. V. Spike* and *Forbes B. Henderson,* for defendant.

WIEST, J. (*dissenting*). Separate actions were brought by Walter Nawrocki and Nick Ortynski against the Grand Trunk Western Railroad Company to recover damages for personal injuries received in a collision between a Ford truck, in which they were riding, and a locomotive. The cases were consolidated for the purposes of trial. The jury returned a verdict awarding Ortynski $5,000 and finding no cause of action on the part of Nawrocki.

The verdicts were inconsistent but Nawrocki, and not defendant, is the one to be heard on that point, and we are not advised of any appeal by him. Defendant, by appeal, prosecutes review of the Ortynski judgment, and the question is whether, under the testimony in behalf of plaintiff, the court should have directed a verdict of contributory negligence

on his part as a matter of law.  On this point we must view the testimony in behalf of plaintiff in its most favorable light.

Between 5 and 6 o'clock, the afternoon of November 25, 1940, a 16-year-old boy was employed by plaintiff Ortynski to drive a 1932 Ford truck, loaded with a ton of coal, in an easterly direction on Poland avenue in the city of Hamtramck.  Plaintiff Nawrocki was sitting beside the driver and plaintiff Ortynski was on the same seat next to the right side window of the cab.  It was dark and a light snow was falling.  The lights of the truck were on, but side visibility was limited.  Crossing Poland avenue are several spur or switch tracks servicing the Chevrolet gear and axle plant, the easterly track crossing Poland avenue at an angle of about 45 degrees.  The driver lived near this crossing and was familiar with the spur tracks and use made thereof. He drove to the easterly track at a speed of 10 miles per hour and when within 5 to 8 feet of the track the driver discovered a Diesel locomotive was coming out of the yard of the Chevrolet plant.  He attempted to turn the truck to the left but the locomotive struck the cab of the truck and pushed it along about 15 feet and plaintiff was injured.

The three occupants of the truck testified their view of the approaching locomotive was cut off by stock trailers 10 to 12 feet high, standing between them and the locomotive; they did not see or hear the locomotive until it came out of the yard of the plant and about to the edge of the street, with no headlight on and they heard no bell sounding.  The crossing was unprotected and the driver of the truck was aware thereof.

Under such testimony may it be said, as a matter of law, that the driver of the truck was guilty of contributory negligence?  If he was, then, under the

doctrine of imputed negligence, plaintiff may not have recovery.

Plaintiff's driver testified the railroad track came to the street crossing on a long curve and that as he came along the street and the train was coming out of the yard of the plant they were coming toward each other; also: "I looked to my right but didn't see anything because the trailer was obstructing my view. I was about 5 to 8 feet from the track when I looked. There were no lights on the trailer. I imagine I was about 10 to 12 feet away from the trailer. The trailer was two feet inside the fence and about 5 or 6 feet from the track" (upon which the locomotive was approaching).

The driver of the truck drove into a place of sensed danger to a point where he could not prevent an accident if the possible happened. It happened. The truck and locomotive were each traveling at a speed of 10 miles an hour.

We do not, on the question of contributory negligence of plaintiff, consider the testimony in behalf of defendant that the headlight was on and the automatic bell ringing. A Diesel locomotive, hauling five loaded freight cars, is not noiseless but, according to plaintiff Nawrocki, makes a roaring sound not quite as loud as an airplane.

Plaintiff and the trial judge thought the opinion in *Gaffka* v. *Railroad Co.*, 301 Mich. 383, required the issue of contributory negligence to be submitted to the jury. The *Gaffka* opinion did not state any change in the long-established law in this jurisdiction but applied holdings in previous decisions to the setting in that case. We have repeatedly held that the law must be applied to each case upon its particular facts and circumstances.

Plaintiff testified:

"I was about seven feet from the track when I first noticed it (the locomotive). * * *

"*Q.*   How far would it take you to stop your truck going 10 miles an hour?

"*A.*   About 15 feet, if it was dry, but there was a slight snow, so we skidded a little. The pavement wasn't wet but there was a little snow on it."

We think the question of contributory negligence in the instant case is controlled by *Rosencranz* v. *Railroad Co.,* 244 Mich. 137. In that case gondola cars standing on an intervening track prevented view of the track upon which a backing locomotive was moving. We there said:

"Plaintiff's view of the south track was prevented by the standing cars, and he noted the fact but did not stop. While in a zone of safety plaintiff was unable, without stopping, to see whether he could safely proceed. He should have stopped, looked, and listened and, if necessary, have gotten out of his automobile and made observation. He did not stop, and, without being able to see whether the way was clear, drove into the path of the locomotive."

We held plaintiff in that case, under such circumstances, guilty of contributory negligence as a matter of law.

Under the evidence offered by plaintiff the court should have directed, as requested, a verdict in behalf of defendant on the ground of contributory negligence of plaintiff or, at least, have granted defendant's motion for judgment notwithstanding the verdict.

The judgment should be reversed, without a new trial, with costs to defendant.

CHANDLER, J., concurred with WIEST, J.

BOYLES, C. J. It was not error to submit the question of contributory negligence to the jury. In the *Rosencranz Case,* 244 Mich. 137, relied upon by Mr. Justice WIEST as controlling, the accident occurred

in the daytime when plaintiff drove onto the fourth track of a four-track railroad right of way, having crossed three of the tracks. He made an observation before entering upon the first track, but did not maintain any proper care and caution thereafter. Although his vision was obstructed by cars standing on the third track, he made no further observation in either direction before driving onto the fourth track. So far as the opinion discloses, he did not look or listen again after he made his first observation. This was not the situation in the case at bar.

I do not agree that it was the duty of the driver of the truck in the case at bar, under the circumstances shown by the record, to stop his truck, or get out and make observation, before crossing the spur track. No arbitrary rule of law can be laid down to decide cases of this sort. Each depends on its own circumstances, and a clear understanding of this case requires a more complete statement of plaintiff's proofs. They must be taken as true.

The accident occurred after dark. When the driver approached the railroad tracks, he stopped with other vehicles to allow a freight train to pass on the main line. There was a watchman at the crossing. When the freight train passed, the watchman signaled the traffic to go forward. The driver of this truck started up, crossed the main line and 3 or 4 sets of spur tracks at 10 miles per hour. Between the last set of spur tracks thus crossed and the easternmost spur track, there was a distance of 50 or 75 feet. The truck traversed this distance at the same rate of 10 miles an hour. Before the truck got within 5 to 8 feet of the spur track in question, the driver and his two passengers looked left and right, saw no engine or train, saw no headlight, received no warning, heard no bell or whistle. To the right, their vision was obstructed by a trailer that was located in the Chevrolet property about two feet

from the fence. The lights on the factory buildings
located some distance from the highway were lit.
The crossing was unguarded. The driver's line of
vision was obstructed from seeing the approaching
engine that came out of the Chevrolet plant yard;
the engine came out of the yard, gave no warning of
its approach, and had no headlight, no bell ringing,
no noise to warn of its approach. The driver saw
the engine when he was about 5 to 8 feet from the
nearest rail, tried to avoid a collision, swerved to
the left, but was struck by the engine.

Was it the duty of the driver to stop his truck,
loaded with a ton of coal, perhaps get out of his
truck, before proceeding to cross the spur track?
The driver, as well as his passenger (plaintiff
herein), looked, listened, before attempting to cross
the spur track. There was nothing to challenge their
attention to the approaching engine. The only fur-
ther precaution would have been to stop, although
there was no apparent reason for doing so, except
the obstruction to vision. I think that mere ob-
struction to vision did not require as a matter of law
that the driver of the truck stop before attempting
to cross the spur track at 10 miles per hour. The
court instructed the jury that the question whether
the driver of the truck and his passenger (plaintiff
herein) used the care and caution that an ordinarily
prudent man would have used under the circum-
stances was for the jury to decide. I do not concur
with Mr. Justice WIEST in holding that the plaintiff
was guilty of contributory negligence as a matter
of law.

Quoting from decisions is of little aid in deciding
cases of this nature. Each must depend upon its
own facts and circumstances. However, I believe
this case comes within the purview of those recent
cases where this court has held that contributory

negligence is a question of fact for the jury where reasonable opinions may differ as to whether the driver did use the care and caution that an ordinarily prudent man would have used under like circumstances. For recent decisions adhering to that view in motor vehicle-railroad crossing accident cases, see *Spenclay* v. *Railway Co.*, 285 Mich. 421; *Rogers* v. *Railroad Co.*, 289 Mich. 397; *Gaffka* v. *Railroad Co.*, 301 Mich. 383; *Jones* v. *Railroad Co.*, 303 Mich. 114; *Fisher* v. *Railroad Co.*, 306 Mich. 95.

It was not error to submit the issue of contributory negligence to the jury. The question of defendant's negligence, and whether it was the proximate cause of the injury, was also properly submitted to the jury. As to the only other question urged for reversal, the defendant cannot successfully complain because the jury found in its favor as to the other plaintiff, who has not appealed from an adverse verdict as to him.

Judgment affirmed, with costs.

NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, C. J.