MOWINSKI v. BISHOP.

1. AUTOMOBILES—NEGLIGENT ENTRUSTMENT—ELEMENTS.
   Proof of negligent entrustment of an automobile requires plaintiff to show that the entrustee was an incompetent driver, that the entrustor knew of such incompetence, and that the entrustment was causally connected with the accident.

2. SAME—NEGLIGENT ENTRUSTMENT—PROXIMATE CAUSE.
   An action for negligent entrustment is derivative in nature and a claim of negligent entrustment of automobile cannot prevail where jury found that collision was not due to any negligence or incompetence on part of entrustee because there is then no proximate causation.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 900, 911.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 573.
[4] 38 Am Jur, Negligence §§ 332, 372.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002; 38 Am Jur, Negligence § 332.
[6, 7] 58 Am Jur, Witnesses §§ 675, 711, 721.
[8, 9] 53 Am Jur, Trial § 120.

3. SAME—NEGLIGENT ENTRUSTMENT—EVIDENCE OF INCOMPETENCE.

Trial judge properly refused to submit plaintiff's claim of negligent entrustment and testimony in support of the claim to a jury where the only evidence of entrustee's incompetence were two minor traffic violations following a 2-year record free of such incidents.

4. NEGLIGENCE—VERDICT—GREAT WEIGHT OF EVIDENCE.

Verdict of no cause of action was not against the great weight of evidence where evidence on whether plaintiff's driver's car was properly lighted was in conflict since choice of jury to disbelieve testimony given by plaintiff as favorable to his action does not present ground for granting new trial where there is alternative evidence which, if believed, would be sufficient to support the finding of fact.

5. SAME—TESTIMONY—QUESTION OF FACT.

Testimony by defendant that his automobile was in the left-hand lane of a 2-lane highway in attempting to pass another automobile did not establish negligence as a matter of law but instead raised question of fact of negligence for jury, where defendant driver testified that he understood that it was his duty to make sure that he was free to pass before he pulled out and agreed with examiner that obviously it was not safe to pass in this case.

6. TRIAL—EVIDENCE—REFERENCE TO COMPANION ACTION—ADMISSIBILITY.

References elicited by defendant, on cross-examination of plaintiff's witnesses, to companion action by parents of plaintiff for damages arising out of same automobile accident were properly admissible for the purposes of drawing into question the credibility of the witnesses and showing that they had an interest in the outcome of the lawsuit (CLS 1961, § 600-.2158).

7. SAME—EVIDENCE—REFERENCE TO COMPANION ACTION—AMOUNT INVOLVED—ADMISSIBILITY.

Reference to amount of damages sought by plaintiff's parents in companion case arising out of same automobile accident as plaintiff's action were not necessary and should not have been made, but did not cause reversible error where objection to reference was sustained the first time reference occurred, and subsequent occurrences were not objected to.

8. SAME—REBUTTAL—TRIAL COURT DISCRETION.
   The permissible scope of inquiry in rebuttal is within the dis-
   cretion of the trial court.

9. SAME—REBUTTAL.
   Refusal of plaintiff's offer of testimony as to basis for com-
   panion action for automobile negligence as rebuttal follow-
   ing testimony referring to companion case was not error where
   jury knew of existence of companion action and was properly
   instructed that damages in present case were to be only for
   pain, suffering and disability and not for medical expenses
   sought to be recovered in the companion case.

Appeal from Saginaw, Borchard (Fred J.), J.
Submitted Division 3 June 4, 1968, at Grand Rapids.
(Docket No. 4,093.) Decided August 29, 1968.

Complaint by Donna Mowinski, guardian of the
estate of Edward J. Mowinski, a minor, against John
V. Bishop and Raymond P. Bishop for personal in-
juries suffered in automobile collision. Verdict and
judgment of no cause of action. Plaintiff appeals.
Affirmed.

*Egloff, Mainolfi, Taylor, McGraw & Collison,* for
plaintiff.

*Smith, Brooker, Harvey & Cook,* for defendants.

HOLBROOK, J.    Edward Mowinski, hereinafter
referred to as plaintiff, was injured when the car in
which he was a backseat passenger was involved in
a head-on collision with a car owned by defendant,
John Bishop, and being driven by his son, Raymond
Bishop. Immediately prior to the collision defend-
ant driver was attempting to pass the car ahead of
him, driven by Mrs. Lund. The collision occurred on
the shoulder on plaintiff's side of the road, where
both drivers had turned in an attempt to avoid a col-
lision.

Plaintiff commenced this action against defendants jointly, alleging that Raymond Bishop was negligent in operating the car, the liability of John Bishop being based upon the owner's liability statute; and against John Bishop severally alleging that he was negligent in entrusting his car to his son. A jury trial was held, and a verdict of no cause of action in favor of defendants was entered. Plaintiff has appealed from the trial court's denial of his motion for new trial.

The questions raised for review by plaintiff are set forth and dealt with as follows:

1. *Did the trial court commit error in deciding the issue of negligent entrustment as a matter of law?*

The evidence relating to negligent entrustment was taken on a separate record out of the presence of the jury. Plaintiff contends that there was sufficient evidence presented to permit a finding that John Bishop was negligent in allowing his son to use his car and the trial court committed error in not submitting the evidence to the jury for its determination.

In proving negligent entrustment, plaintiff must show that the entrustee was an incompetent driver, that the entrustor knew it, and that the entrustment was causally connected with the accident. *Perin* v. *Peuler* (1964), 373 Mich 531. In the instant case, the verdict of no cause of action means, under the instructions as given by the trial court to the jury, that the jury concluded the collision was not due to any negligence on Raymond's part. Assuming for the moment that this verdict can be sustained, it follows that plaintiff's claim of negligent entrustment cannot prevail for lack of proximate causation under *Perin* v. *Peuler, supra,* an action of negligent entrustment being derivative in nature.

Furthermore, plaintiff's evidence of defendant driver's incompetence amounted only to 2 minor

traffic violations: a ticket for speeding (Raymond Bishop failed to reduce his speed to 25 miles per hour on entering the village of New Lathrop, reducing it only to 35 miles per hour) and a ticket for an unsafe start as he vacated a parallel parking space in the city of Saginaw. He agreed that he was guilty of the speeding violation, but maintained his innocence as to the other ticket, stating that he paid it only because it was less trouble and expense. Up to the time of these 2 violations he had driven without incident for 2 years. These facts in no way approach those set out in *Tortora* v. *General Motors Corporation* (1964), 373 Mich 563, where the driver had been convicted of 11 speeding and 1 reckless driving violations in a 5-year period. We conclude that the trial court did not commit error in refusing to submit this evidence and plaintiff's claim of negligent entrustment to the jury.

2. *Was the verdict against the great weight of the evidence?*

The main defense against plaintiff's allegation of defendant driver's negligence in operating the car was their denial of such negligence and their claim that the proximate cause of the collision was the negligence of plaintiff's father in driving his car without having his headlights on, as required by CLS 1961, § 257.684 (Stat Ann 1962 Cum Supp § 9.2384). The collision occurred at approximately 8:20 p.m. on August 25, 1963, at late dusk, before complete darkness. Plaintiff introduced testimony by his father, his mother and Mrs. Lund that the headlights were turned on and working properly at the time of the collision, and testimony of a mechanic that the lights were in working order after the accident. Defendant driver testified that he did not see plaintiff's car until just before the collision when he saw a single headlight flash on. His wife, a passenger in the car at the time of the accident, gave

similar testimony. The trial judge instructed the jury that if it found defendant driver negligent in operating his car, and that such negligence was a proximate cause of the collision, their verdict would be for plaintiff, even if the vehicle in which plaintiff was a passenger was not properly lighted; but that their verdict would be no cause of action if they found the sole cause of the accident was the failure of plaintiff's vehicle to be properly lighted. The charge of the trial court properly stated that defendant had the burden to prove by a preponderance of the evidence that plaintiff's driver was guilty of negligence and that it was the sole proximate cause of the accident. The jury returned a verdict of no cause of action.

Plaintiff argues that the evidence clearly preponderates in his favor on the question of whether plaintiff's car had its headlights on and therefore the jury's verdict was against the great weight of the evidence.

The written record does present testimony favorable to plaintiff's position on this question of fact. However, the testimony of defendant driver and his wife did raise a factual issue. We are unable to probe the jury's mind as to the reasons for its possible resolution of the issue, and did not have the opportunity to view and hear the witnesses as did the jury. That the jury might have chosen to disbelieve testimony given by plaintiff as favorable to his action does not present a ground for granting new trial where there is alternative evidence which, if believed, would be sufficient to support the finding of fact.

3. *Was the verdict contrary to law?*

Plaintiff contends that the following testimony of defendant driver constitutes an admission by him

that he failed to comply with CLS 1961, § 257.638 (Stat Ann 1960 Rev § 9.2338) :*

"*Q*. Do you understand from your driving experience and from your driver's training that it is your duty to make sure that it is free to pass before you pull out?

"*A*. Yes, I do, sir.

"*Q*. And very obviously in this case it was not safe to pass, was it?

"*A*. Obviously not."

The mere fact the Bishop car was in the left-hand lane of the 2-lane highway in attempting to pass the Lund car does not result in negligence as a matter of law. *Martiniano* v. *Booth* (1960), 359 Mich 680. There was a question of fact raised for the jury. *Hackley Union National Bank & Trust Co.* v. *Warren Radio* (1966), 5 Mich App 64. The testimony in the record does not justify a holding by this Court that, as a matter of law, the verdict of the jury was contrary to law.

4. *Did the trial court commit error in admitting testimony relating to a companion suit by plaintiff's parents?*

Several references were made by defense counsel on cross-examination of witnesses to a companion suit brought by Mr. and Mrs. Mowinski against defendants. They appear in the trial transcript as follows:

---

* The trial court gave the statute to the jury in his instructions. The statute states the duties of a passing driver and reads as follows:

"No vehicle shall be driven to the left side of the center of a 2 lane highway or in the center lane of a 3 lane highway in overtaking and passing another vehicle proceeding in the same direction unless such left side or center lane is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken."

[*Cross-examination of Mr. Mowinski*]

"*Q.* All right. Now, you and your wife have a lawsuit in which you are suing the Bishops, do you not?

"*A.* Yes.

"*Q.* And you and your wife are asking $40,000 in damages against the Bishops?

"*Mr. Taylor:* Objection. This not a part of this particular case.

"*The Court:* I am going to sustain the objection.

\* \* \*

"*Q.* And you are seeking the medical bills which you paid Doctor McEwan for Edward's treatment, and the hospital bill for Edward's treatment in this other lawsuit that we've talked about, you and your wife have brought; isn't that true?

"*A.* It would be in this one, wouldn't it?

"*Q.* You know which lawsuit you are seeking the medical bills for the treatment of Edward in?

"*A.* For this one right here.

[*No objection made here by defense counsel.*]

\* \* \*

[*Cross-examination of Mrs. Mowinski*]

"*Q.* All right. Now, you're the plaintiff along with your husband in another lawsuit against the Bishops?

"*Mr. Taylor:* If the court please, may we approach the bench, your honor on this?

"*The Court:* Yes.

[*Whereupon there was a conference at the bench*]

"*Mr. Smith:* Can it be stipulated, Mr. Taylor, that the medical expenses which grew out of the fractured Edward's leg, Doctor McEwan's bill, the hospital bill and any other incidental expenses are not a part of this lawsuit, but are being sought in the other lawsuit against my clients?

"*Mr. Taylor:* It may be so stipulated. The stipulation probably should also include the fact that this suit is for the minor's recovery alone.

"*Mr. Smith:* Correct. Now, I've forgotten my question. I'll rephrase it.

"*Q.* (*By Mr. Smith, continuing*): You are a plaintiff along with your husband in a lawsuit against Mr. Bishop and his father seeking not more than $40,000; isn't that true?

"*A.* Yes.

"*Mr. Smith:* Thank you very much.

"*The Court:* Are you through with the witness?

"*Mr. Taylor:* I don't believe I have further questions at this time, your honor."

The trial court in its instructions made the following reference to the companion suit:

"You are not to consider any doctor or hospital bills or any other out-of-pocket expenses which may have been incurred for the treatment of the plaintiff, because this is a claim of the father in another lawsuit now pending in this court and will be considered when the matter is tried.

"You should award him a sum of money to reimburse him for pain and suffering he may have sustained together with any disability which you may find he has suffered."

No objection was made to this reference in the charge by plaintiff's counsel when given opportunity as required by GCR 1963, 516.2. The references to the companion suit were permissible under CLS 1961, § 600.2158 (Stat Ann 1962 Rev § 27A.2158) for the purpose of drawing in question the credibility of the witnesses and in showing that they have an interest in the outcome of the lawsuit. The references to the amount involved in the companion suit were not necessary and should not have been made. However, the objection made by plaintiff's counsel was sustained the first time and no objection was made the second time. We do not find prejudicial error requiring reversal.

5. *Having admitted testimony as to the companion suit, did the trial court abuse its discretion in ex-*

*cluding testimony to show basis for the companion suit?*

On redirect examination of Dr. William G. Mc-Ewan, who had treated plaintiff Edward Mowinski, the following occurred:

"*Q.* Doctor, just one further question. In the course of your practice did you also have occasion to see Mrs. Mowinski for injuries from this accident?
"*A.* Yes.
"*Q.* Very briefly would you, without going into any details, would you describe just generally what that injury was?
"*Mr. Smith:* Just a minute. Mrs. Mowinski is another lawsuit and I don't feel that the jury—I feel that my case would be prejudiced to have recitation of Mrs. Mowinski's injuries in this case.
"*The Court:* I am going to sustain the objection.
"*Mr. Taylor:* If the court please, may we approach the bench?
"*The Court:* Yes.
[*Whereupon there was a conference at the bench.*]
"*Mr. Taylor:* Doctor, no further questions."·

Plaintiff argues that Dr. McEwan should have been permitted to give by way of rebutting testimony a brief, general description of Mrs. Mowinski's injuries to explain and show a legitimate basis for the companion suit.

There can be no question that extensive inquiry into the facts and injuries of the companion suit would be properly excludable at the trial of the instant case. The area where inquiry is permissible is governed in each case individually by the sound discretion of the trial court. *Gaffka* v. *Grand Trunk Western R. Co.* (1943), 306 Mich 246; *Arnold* v. *Ellis* (1966), 5 Mich App 101. The jury was aware of the fact that Mrs. Mowinski received injuries in the collision, that Mr. and Mrs. Mowinski were bringing

a companion suit to recover medical bills resulting from Edward Mowinski's injuries, and that it was to award damages in the instant case only for Edward Mowinski's pain, suffering and disability. Under these facts we are not convinced that the trial court abused its discretion in refusing to admit the rebutting testimony sought by plaintiff.

Affirmed. Costs to appellees.

McGREGOR, P. J., and KAUFMAN, J., concurred.